**Annie Lee COOPER and Stanley Leroy Wise, Appellants,**

**v.**

**STATE OF ALABAMA, Appellee.**

No. 22424.

United States Court of Appeals
Fifth Circuit.

Dec. 6, 1965.

————◆————

Peter A. Hall, Birmingham, Ala., Norman C. Amaker, New York City, Jack Greenberg, Charles H. Jones, Jr., Charles Stephen Ralston, Melvyn Zarr, New York City, Anthony G. Amsterdam, Philadelphia, Pa., for appellants.

Richmond M. Flowers, Atty. Gen., Gordon Madison, Asst. Atty. Gen., Montgomery, Ala., Thomas G. Gayle, Selma, Ala., Blanchard L. McLeod, Camden, Ala., for appellee.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

PER CURIAM:

■ This appeal seeks review of an order remanding the cases against Cooper and Wise to the State court from which they had been removed. Since the removals were sought pursuant to 28 U.S.C.A. § 1443, the order of remand is reviewable by appeal. 28 U.S.C.A. § 1447(d); People of State of New York v. Galamison, 2 Cir. 1964, 342 F.2d 255, 257.

The only proceedings disclosed by the brief record are the original petition for removal, an amendment thereto, and the order of the district court directing the United States Marshal to take custody of numerous other individual defendants whose cases were removed, but remanding these two cases. No motion to remand appears in the record. The district court stayed the order of remand pending this appeal.

■ Since the order remanding these cases was entered without a hearing, the allegations of the removal petition must be taken as true for purposes of this appeal. Rachel v. State of Georgia, 5 Cir. 1965, 342 F.2d 336, 337; Peacock v. City of Greenwood, 5 Cir. 1965, 347 F.2d 679; Cox v. State of Louisiana, 5 Cir. 1965, 348 F.2d 750.

So far as they relate to Cooper and Wise, those allegations are accurately summarized in appellants' brief, as follows:

"On January 25, 1965, several persons lined up in front of the Dallas County Courthouse in Selma, Alabama, for the purpose of registering to vote. They did this in the exercise of their rights under the First, Fourteenth, and Fifteenth Amendments to the Constitution of the United States and implementing legislation and pursuant to the order of the United States District Court for the Southern District of Alabama in Boynton v. Clark, No. 3559–65, entered January 23, 1965. That order provided, *inter alia*, that 'those seeking to register and those seeking to act as vouchers will form an orderly line not more than two abreast from the entrance of the office of the Board of Registrars down the corridor of the courthouse in a line most direct to and through the entrance of the Lauderdale Street door * * *.' During the morning of January 25, appellant Cooper, a member of the class of those legally entitled to register to vote, took a position on the voter registration line at a point near the Lauderdale Street entrance to the Dallas County Courthouse. As she was standing there, Sheriff James G. Clark ordered her in a raucous manner to move from the Street into an alley adjoining the courthouse. Appellant refused, whereupon Sheriff Clark approached her and struck her; appellant Cooper, exercising her right of self-defense, returned the blow. Thereafter, appellant was brutally beaten by Sheriff Clark and his assistants. Appellant was charged with assault and battery and released on a total bond of $2,000.00 (R. 19).

"On Tuesday, January 26, 1965, at approximately 2:00 p.m., appellant Wise was present in a voter registration line at the Dallas County Courthouse. He and a number of others were arrested by Sheriff Clark and charged with remaining present at the place of an unlawful assembly after having been warned to disperse by a public officer, in violation of Code of Ala., Tit. 14, § 412. (These prosecutions were eventually dismissed by Judge Thomas, Alabama v. Boynton, No. 3560–65, April 16, 1965.) Additionally, appellant Wise was charged with public drunkenness, in violation of Code of Ala., Tit. 14, § 120 (1).

"Appellants' arrests and subsequent prosecutions were and are being carried out with the purpose and effect of harassing them and punishing them for their attempt to register to vote and to exercise their right of free speech to protest discrimination in the voter registration process (R. 9–10). The conduct for which they are prosecuted is protected by the First, Fourteenth, and Fifteenth Amendments to the Constitution of the United States and implementing federal legislation, so that the state statutes under which they are charged are unconstitutional on their face or in their application (R. 8–9)."

■ The same common denominator appears in this case as in Rachel, Peacock and Cox, viz.:

" * * * the defendants, as a result of their actions in advocating civil rights, are being prosecuted under statutes, valid on their face, for conduct protected by federal constitutional guarantees or by federal statutes or by both constitutional and statutory guarantees."

Cox v. State of Louisiana, 5 Cir. 1965, 348 F.2d 750, 754–55. The allegations are, therefore, sufficient to state a good claim for removal under section 1443(1) so as to prevent remand without a hearing. The appellants urge that we also decide whether the removal petition is sufficient under 28 U.S.C.A. § 1443(2). See the opinions in Galamison and Peacock, supra. However, since one ground for

removal is clearly alleged, we assume that it can be proved and forego decision as to the sufficiency of the other ground. The order is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.