247 So.2d 710 (1971)
Mrs. Ruby Lee DANIELS
v.
ADKINS PROTECTIVE SERVICE, INC.
No. 46235.
Supreme Court of Mississippi.
May 10, 1971.
Youngblood & Selph, Jackson, for appellant.
Lipscomb, Barksdale, Steen & Caraway, Jimmie B. Reynolds, Jr., Jackson, for appellee.
INZER, Justice:
This is an appeal by Mrs. Ruby Lee Daniels from a judgment of the Circuit Court of the First Judicial District of Hinds County dismissing her suit against appellee, Adkins Protective Service, Inc. We affirm.
Mrs. Daniels brought suit against Adkins Protective Service, Inc. seeking to recover damages for intense worry, grief, and mental anguish caused by the alleged willful and wanton negligence of Adkins in embalming the body of her husband. The *711 basis of her suit is in tort and not in contract.
The facts as shown by the evidence in this case are as follows: The husband of Mrs. Daniels died on August 1, 1968, and she retained appellee to attend to the proper embalming and preparation of his body for burial in Dallas, Texas. At the time the body was brought to the funeral home, Mr. Adkins, the licensed embalmer, was out of town, and Lee Ivy, an apprentice embalmer, after ascertaining that Mr. Adkins was on his way to Jackson from Hattiesburg, started the embalming process. Ivy had attended a mortuary school and had embalmed many bodies while serving as an apprentice. Mr. Adkins arrived at the funeral home prior to the time that the embalming was finished and reviewed the work. The body was carried to the airport at about 10 a.m. and put on a plane and shipped to Dallas. When the body reached Laurel Land Funeral Home in Dallas, it was examined by Mr. William Grubbs, Jr., a licensed embalmer, who noted the condition of gas gangrene in the body. When the family came in, Mr. Grubbs informed them of the condition of the body, and told them that the body was in no shape for them to view the remains. Mrs. Daniels became very much upset and the body was buried without an opportunity for Mrs. Daniels and the other relatives to view the body. It was Mr. Grubbs' opinion that the body had not been properly embalmed and that was the cause of its condition when it reached Dallas. After the funeral, Mrs. Daniels suffered a severe mental breakdown requiring psychiatric treatment and hospitalization. She charged that this condition was caused by the negligent acts of the defendant in failing to properly embalm her husband's body.
When appellant rested, appellee moved the court for a directed verdict for the reason that appellant failed to prove any acts of the defendant which amounted to fillful and wanton negligence which it contended was required in the absence of actual trauma. This motion was sustained by the trial court. It was the opinion of the trial court that since this was a suit in tort and there was no trauma, before Mrs. Daniels could recover she had the burden of proving there was willful and wanton negligence. It held that the evidence merely established simple negligence and under the holding of this Court in Arnold v. Spears, 217 Miss. 209, 63 So.2d 850 (1953), the motion should be granted.
Appellant contends that the trial court was in error in sustaining the motion for a directed verdict for the reason that the proof shows that the body was embalmed by an apprentice in violation of the law, and that the duty of an embalmer is of such a personal nature that a breach of duty implies malice.
We are of the opinion that the trial court correctly applied the law to the facts in this case, and that the granting of the directed verdict was not error.
The rule in this State is that there can be no recovery for mental pain and suffering from the mere negligent act of another unaccompanied by physical or bodily injury. However, damages are recoverable for mental pain and anguish by a willful, wanton, malicious or intentional wrong even though no bodily injury was sustained. Lyons v. Zale Jewelry Co., 246 Miss. 139, 150 So.2d 154 (1963); Saenger Theatres Inc. v. Herndon, 180 Miss. 791, 178 So. 86 (1938); and Arnold v. Spears, supra.
Since appellant suffered no bodily injury or trauma, the burden was upon her to prove that the improper embalming of her husband's body was done maliciously, intentionally, or with such gross negligence or recklessness to show an utter indifference to the consequence. The question then is, does the proof on her behalf, when taken as true, with all reasonable inferences that may be drawn therefrom, show such negligence? We think not. The embalming process was begun by the apprentice *712 in the absence of Mr. Adkins. But Adkins arrived before the embalming was completed. He inspected and reviewed the work done by the apprentice. Mr. Grubbs testified that he thought the embalming was improperly done, otherwise gas would have never come up. It was his opinion that this could have been caused by the use of instruments not properly sterilized or by not using enough embalming fluid.
We do not think that the fact that the embalming was begun without the presence of a licensed embalmer, even though in violation of the statute, amounts to willful or wanton negligence. A violation of the statute which is the proximate cause or contributing cause of an injury is negligence per se, but does not necessarily amount to willful and wanton negligence.
This is not a case of tortious interference with the rights involving dead human bodies where mental anguish to the surviving relatives is the probable consequence of the act. Here appellee was engaged to embalm the body, which it did. It was guilty of simple negligence in so doing. Its conduct was not such from which the jury could infer malice, and under these circumstances no recovery can be had for mental pain and anguish unaccompanied by physical or bodily injury.
For the reasons stated, we are of the opinion that this case should be and is affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, ROBERTSON, and HARPER, JJ., concur.