R. C. JOHNSON, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

No. GC 72-120.

United States District Court, N. D. Mississippi, Greenville Division.

Feb. 8, 1973.

Thomas M. Murphree, Jr., of Watkins & Eager, Jackson, Miss., for defendant.

Fred C. DeLong, Jr., of Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., for plaintiff.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff, R. C. Johnson (Johnson), sues defendant, Ford Motor Company (Ford), in this action to recover medical and related expenses in the sum of $3,473.29 incurred by him for the treatment of injuries suffered by his minor son in an automobile accident. Plaintiff alleges that his son was injured as the direct and proximate result of a defective 1969 Thunderbird automobile manu- factured by Ford, which his son was driving at the time of the accident.

The son, through plaintiff as his next friend, has sued Ford in a separate action to recover damages accruing to him as the result of his injuries.

In the action sub judice, plaintiff seeks to recover damages in the sum of $21,526.71, alleged to have been sustained by him on account of the severe mental anguish, worry and apprehension which he has endured and will endure in the future on account of his son's injuries. Plaintiff bases his demand for such damages on the assertion that Ford wilfully or wantonly, or with utter disregard for the consequences of its acts, failed to warn or in any other way notify the users of 1969 Thunderbird automobiles of the defect which was capable of causing serious bodily injury.

The action is before the court upon Ford's motion to dismiss for lack of jurisdiction over the subject matter pursuant to Rule 12(b)(1), F.R.Civ.P.

The action sub judice is brought pursuant to 28 U.S.C.A. § 1332(a), which requires that the matter in controversy exceed the sum or value of $10,000, exclusive of interest and costs, and that it be between citizens of different states. The parties are citizens of different states. The controversy as to the jurisdiction arises over the value of the matter in controversy. Plaintiff's demand for judgment is in the sum of $25,000. Plaintiff contends that this sum represents the value of the matter in controversy. Defendant asserts that mental anguish, worry, and the like are not proper elements of damages in a case such as the one sub judice. Thus, defendant contends that the matter in controversy is represented by plaintiff's claim for reimbursement of medical and related expenses and the value thereof is less than the jurisdictional amount.

The Mississippi Supreme Court has not ruled specifically on the question of whether a parent can recover damages purely for mental anguish resulting from injury to a child. In such a situa-

tion, it is incumbent upon the court to predict, as best it can, how the Mississippi Supreme Court would answer the question.

The plaintiff relies upon the well recognized general rule of law that where the claim is made in good faith to justify dismissal, it must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, at 288 and 289, 58 S. Ct. 586, 82 L.Ed. 845, at 848 and 849 (1938); Jones v. Landry, 387 F.2d 102, at 104 (5th Cir. 1967).

Plaintiff argues that the question of whether a parent can recover damages for mental anguish growing out of or resulting from injury to a child where the injury was occasioned by the wilful or wanton act of another is one of first impression in Mississippi, and before the court is justified in dismissing the action sub judice, it must appear to a legal certainty that the Mississippi Supreme Court would not approve the allowance of such damages.

The court is of the opinion, however, that it must first make an *Erie*-educated guess and determine, as best it can, the rule which the Mississippi Supreme Court would recognize on the issue. After having done this, it is incumbent upon the court to apply this rule to the facts presented by the case sub judice and determine whether it appears to a legal certainty that plaintiff's claim is really for less than the jurisdictional amount.

In approaching the issue the court must accept as true the facts well pleaded in the complaint. The allegations of the complaint pertinent to the issue are:

As a proximate result of the aforesaid defect in the carburetor and/or accelerator assembly of said 1969 Thunderbird automobile, Plaintiff was damaged in that he paid the hospital and medical expenses described in paragraph 6, ambulance and travel expenses, extraordinary educational expenses, expenses for extra domestic help at home, and other expenses in the aggregate amount of $3,473.29. Furthermore, Plaintiff's minor son's great discomfort and pain described in paragraph 6 aforesaid caused Plaintiff to *experience severe mental anguish, worry, and apprehension of future consequences to his son.*

Plaintiff charges that Defendant, Ford Motor Company, *was fully aware of the aforementioned defective carburetor and/or accelerator system, and the potential serious injuries which would probably be sustained by reason of said defect, and that Defendant, Ford Motor Company, willfully and wantonly and with utter disregard for the consequence, failed to warn or in any other manner notify users of said 1969 Thunderbird automobiles of said defect.* (Emphasis supplied)

Plaintiff recognizes the rule that generally a parent is not entitled to recover for mental distress and anxiety on account of an injury to a child. Plaintiff asserts, however, that a recovery can be had in the action sub judice where the injury is said to be a wilful or malicious one.[1]

The court will take judicial notice of its own records. An examination of the complaint in the son's action, William Condon Johnson, by R. C. Johnson, His Father and Next Friend v. Ford Motor Company, GC 72–119–S, reveals that the son is seeking to recover punitive damages in the amount of $250,000, as well as compensatory damages in the sum of $75,000. The plaintiff does not characterize the subject damages as punitive but as compensatory—damages which will compensate him for the men-

1. It is said in 59 Am.Jur.2d, Parent and Child, § 118, page 218:

It is conceded that generally a parent is not entitled to recover for mental distress and anxiety on account of an injury to his child, *although the opposite rule prevails where the injury is a wilful or malicious one.* (Emphasis supplied).

tal anguish, distress and apprehension which he has suffered and will likely suffer in the future on account of his son's injuries. The demand, whether for punitive or compensatory damages, however, is based upon the same factual circumstances as asserted by the son in support of his demand for punitive damages, i. e., that Ford wilfully or wantonly, or with utter disregard for the consequences, failed to warn or, in any other manner, notify users of the 1969 Thunderbird automobiles of the defect in the carburetor and/or accelerator system of said automobiles. To this extent, at least, the demand of the father and of the son are so related as to make it difficult to distinguish between them.

It is stated in 22 Am.Jur.2d, Damages, § 254, at 347 that:

> Generally, exemplary damages are allowed only to the immediate person receiving the injury, either in a suit prosecuted by himself or by someone for his use. Hence, as a rule, such damages cannot be recovered by a parent in his own right for injuries to his minor child unless the statute so provides, *although there is authority to the contrary.* (Emphasis supplied).

It would appear that plaintiff cannot recover the damages sought if such are exemplary in nature. As noted above, however, plaintiff claims the damages to be compensatory and not exemplary in character, although each requires the same wilful or wanton conduct on the part of Ford to sustain recovery.

 The Mississippi Supreme Court, on many occasions, has considered the award of damages for mental pain and suffering not accompanied by distinct physical injury, and has adopted the rule that such are allowable when occasioned by a wilful, wanton, intentional or malicious wrong. See Saenger Theatres Corp. v. Herndon, (1938) 180 Miss. 791, 178 So. 86 (a case involving a 14 year old girl turned away from a picture show with the public exclamation by the ticket taker which charged the girl with indecent and low-down conduct at a previous showing); Daniels v. Adkins Protective Service, Inc., (Miss.1971), 247 So.2d 710 (a case involving improper embalming of a dead body in which the court held that in order to recover damages for mental anguish where the plaintiff suffered no bodily injury, the burden was on plaintiff to prove that the wrong was done maliciously, intentionally, or with such gross negligence or recklessness as to show utter indifference for the consequences before such a recovery would be authorized); Lyons v. Zale Jewelry Co., (1963) 246 Miss. 139, 150 So.2d 154 (where defendant's collecting agent used vile and abusive language to plaintiff in telephone conversation made in an effort to collect a debt); T. G. Blackwell Chevrolet Co. v. Eshee (1972) Miss., 261 So.2d 481 (where Eshee's name was forged to a changed contract for the purchase of an automobile, and the court held "punitive damages are allowable in those cases where the alleged wrong done the plaintiff is such as to import insult, fraud, oppression or a reckless disregard for the rights of the plaintiff"); Doherty v. Mississippi Power Co. (1937) 178 Miss. 204, 173 So. 287 (where the plaintiff charged that the power company wrongfully disconnected the power service and the court held the evidence established mere negligence and did not tend to prove that the act was characterized by malice, fraud, oppression, wilful wrong, or gross negligence and this being true punitive damages were not recoverable).

The action sub judice, unlike the above mentioned cases, involves a demand for what is characterized as compensatory damages occurring by reason of mental anguish, worry and apprehension suffered by a person, other than the individual who has been subjected to or is the object of the wrongful act.

A Mississippi case somewhat similar to the case subjudice, but not directly in point, is Fowler Butane Gas Co. v. Varner, (1962) 244 Miss. 130, 141 So.2d

226. Varner's thirty-three months old daughter was injured when the dual wheel of a butane gas truck backed over her body while she was playing in a sand bed at the home of her grandparents. The father and mother brought suit against Fowler for damages sustained by them as the result of the child's injuries. The father also filed an action as next friend, to recover damages on behalf of the child. The cases were consolidated by the trial court and substantial verdicts were returned by the jury. The Supreme Court, on appeal, reversed the trial court, holding that the defendant was entitled to an instruction denying the right of plaintiffs to recover punitive damages, which instruction had been refused by the trial court. The *Fowler* court quoted with approval the decisions of other courts to the effect that the measure of damages in a parent's action for injuries to a minor child, other than in a case of seduction, is the actual damage which the plaintiff has suffered. The court said:

> We have reached the conclusion in the case of the parents, Mr. and Mrs. Charles Ray Varner, against defendants, appellants here, that the court should have granted the instruction above-mentioned with reference to punitive damages, because the facts, as above-shown, do not warrant punitive damages, and *moreover punitive and exemplary damages are not recoverable in a suit by parents for injury to a child except for seduction.* An annotation of many cases on this point may be found in 37 A.L.R. 50, wherein it is said: "While there is contrary authority (vide infra), it has usually been held that if a minor sustains personal injuries under such circumstances of wilfulness, aggravation, or oppression as to justify an imposition of exemplary or punitive damages upon the wrongdoer, the right of recovery thereof is in the child, and that there can be no recovery of the item

by the parent in his own right." It is also said: " * * * that the measure of damages in a parent's action for injuries to a minor child, other than a case of seduction, is the actual damage which the plaintiff has suffered * * * ". (Emphasis supplied).[2]

*Fowler* stands for the proposition that punitive or exemplary damages are not recoverable in a suit by parents for injury to a child such as the injury involved in the case sub judice. *See*, annotation, 25 A.L.R.3d 1416. The Alabama and Louisiana Courts have held the rule to be that a parent cannot recover for mental pain and distress as a result of injuries to a child. Dudley v. State Farm Mutual Automobile Ins. Co., 255 So.2d 462 (La.App.1971); Laplace v. Minks, 174 So.2d 895 (La.App.1965); Vinet v. Checker Cab Company, 140 So. 2d 252 (La.App.1962); Bube v. Birmingham Ry., Light & Power Co., 140 Ala. 276, 37 So. 285 (Sup.Ct.Ala.1904).

■ Conceding, as we must, that *Fowler* clearly holds that punitive or exemplary damages are not recoverable in a suit by parents for injury to a child except for seduction, the only question in the action sub judice which requires an *Erie*-educated guess is whether the characterization by plaintiff of the damages as "compensatory" will justify a different result.

■ It is conceded, in fact asserted, by plaintiff that damages would not be recoverable if it were not for the willful or wanton conduct on the part of Ford which brought about injury to the child. The label, however, is not controlling. The court will look past the nomenclature to the substance. When this is done the fact remains that the same alleged willful or wanton conduct of Ford which is required to sustain the allowance of punitive damages for the child in his action is required to justify re-

2. 141 So.2d 236.

covery by plaintiff for the mental anguish, worry and apprehension which plaintiff claims to have suffered as the result of his child's injury.

The court is of the opinion that should the question under consideration be presented to the Supreme Court of Mississippi that court would hold that the mental anguish suffered by plaintiff on account of the injuries to his son is not a proper element of damages in the action sub judice.

Accordingly the court holds that it appears to a legal certainty in this action that plaintiff's claim against defendant is really for less than the jurisdictional amount. This conclusion necessitates the entry of an order dismissing the complaint for lack of jurisdiction over the subject matter.

The court's attention has been called to the rule enunciated by the Mississippi Supreme Court in Lane v. Webb, Miss., 220 So.2d 281 (1969) that a father in bringing an action as next friend for his minor child waives in favor of the wrongdoer the right to recover the expenses of medical and hospital treatment. The *Lane* court said:

> This rule permits these issues to be decided in one suit rather than two. It permits a judicial determination of all damages from the accident in one proceeding. Moreover, it enables the jury to consider all of the circumstances and *damages resulting from the accident in the suit by the minor through his father as next friend.* (Emphasis supplied).[3]

The court does not express an opinion as to whether the *Lane* rule would require a dismissal of this action since the court does not have jurisdiction of the subject matter.

The court will enter an order dismissing the action for lack of jurisdiction over the subject matter.