384 So.2d 69 (1980)
SEARS, ROEBUCK & COMPANY
v.
Mrs. Harvey YOUNG.
No. 51842.
Supreme Court of Mississippi.
May 21, 1980.
*70 Mitchell, McNutt, Bush, Lagrone & Sams, Thomas D. Murry, F.M. Bush, III, Tupelo, for appellant.
Parker, Averill & Butts, David O. Butts, Tupelo, for appellee.
Before SMITH, P.J., and BROOM and COFER, JJ.
SMITH, Presiding Justice, for the Court.
Sears, Roebuck And Company appeals from a judgment entered against it by the Circuit Court of Lee County in favor of Mrs. Harvey Young. The circumstances which gave rise to Mrs. Young's suit may be summarized as follows. Mrs. Young purchased a dress at the Sears store in Tupelo. She paid for the dress and her receipt was put in a Sears bag with the dress. In packaging the garment, the sales clerk overlooked removing the inventory control tag. This oversight brought about the incident upon which the suit was based.
As Mrs. Young left the store with her bag, a buzzer, activated by the tag, sounded. A Sears employee called to Mrs. Young and in a brief conversation explained to Mrs. Young that in order to remove the control tag it would be necessary to go back to the dress department where a tool was available for that purpose. Although the control tag and buzzer were parts of a system designed to prevent shoplifting, since the dress was in a Sears bag Mrs. Young was not suspected or accused of having stolen it. It is undisputed that the employees of Sears were in all respects courteous and there was no accusation of wrongdoing of any kind made against Mrs. Young. The two women walked back to the dress department and the tag was removed. Mrs. Young testified that she knew the inventory device was on the dress when she "laid it on the counter" but turned away to look at another dress and assumed it had been removed.
A few weeks later Mrs. Young filed a declaration charging that as a result of the acts of Sears employees she had suffered "great humiliation and embarrassment and was thereby damaged in her reputation, and she suffered great shock to her nervous system." She alleged that the clerk had negligently failed to remove the inventory tag and that the clerk who had spoken to her as she left the store had acted willfully, maliciously and in wanton disregard of her rights. She demanded actual and punitive damages in the amount of $9,999.00.
In its answer, Sears admitted that its clerk had inadvertently failed to remove the tag and that this set off a buzzer as Mrs. Young left the store. Sears denied that Mrs. Young had been detained against her will or that its clerk had acted willfully, maliciously or in wanton disregard of Mrs. Young's rights. Sears asserted that its clerk noticed Mrs. Young had a Sears shopping bag and realized immediately that the clerk had forgotten to remove the tag. The clerk then courteously offered to have the tag removed and took the dress to a station for that purpose. All of this was accomplished in a courteous and congenial manner without harassment or embarrassment to Mrs. Young.
After both sides rested the court directed a verdict on the basis of negligence on the part of the sales clerk who failed to remove the tag but refused to instruct the jury that it might return punitive damages. The court pointed out that there was no medical proof of Mrs. Young's "injuries", that Mrs. Young had a long standing prior nervous condition, but felt that her testimony made a jury issue as to damages. Therefore, the court refused Sears' request for a peremptory instruction. The jury returned a verdict of $5,000.00 and Sears appealed. There was no cross-appeal by Mrs. Young.
On appeal Sears assigns as error the following:
(1) The lower court erred in refusing to grant a peremptory instruction;
(2) The lower court erred in giving Instructions P-5 and P-9; and
(3) The verdict was against the overwhelming weight of the evidence and the amount of the verdict was so excessive as to indicate bias and prejudice on the part of the jury.
*71 Sears contends, and the authorities support the view, that to be entitled to damages for mental distress resulting from mere negligence there must be satisfactory proof that the mental distress was accompanied by or resulted in physical injury or genuine physical consequences. Appellee Young has cited no case in Mississippi (or from any other jurisdiction) in which recovery has been allowed for purely mental disturbance, absent a showing of either willful wrong or gross negligence or of "objectively observable physical consequences." An annotation on the subject can be found in 64 A.L.R.2d 100 (1959).
In Daniels v. Adkins Protective Service, Inc., 247 So.2d 710 (Miss. 1971), this Court stated the rule:
The rule in this State is that there can be no recovery for mental pain and suffering from the mere negligent act of another unaccompanied by physical or bodily injury. However, damages are recoverable for mental pain and anguish by a willful, wanton, malicious or intentional wrong even though no bodily injury was sustained. Lyons v. Zale Jewelry Co., 246 Miss. 139, 150 So.2d 154 (1963); Saenger Theatres Inc. v. Herndon, 180 Miss. 791, 178 So. 86 (1938); and Arnold v. Spears [217 Miss. 209, 63 So.2d 850], supra.
Since appellant [plaintiff] suffered no bodily injury or trauma, the burden was upon her to prove that the improper embalming of her husband's body was done maliciously, intentionally, or with such gross negligence or recklessness to show an utter indifference to the consequence. The question then is, does the proof on her behalf, when taken as true, with all reasonable inferences that may be drawn therefrom, show such negligence?
.....
The Court went on to conclude in Adkins:
It [Defendant] was guilty of simple negligence in so doing. Its conduct was not such from which the jury could infer malice, and under these circumstances no recovery can be had for mental pain and anguish unaccompanied by physical or bodily injury.
(247 So.2d at 711-712).
In Johnson v. Ford Motor Company, 354 F. Supp. 645 (N.D.Miss. 1973), the Court stated:
The Mississippi Supreme Court, on many occasions, has considered the award of damages for mental pain and suffering not accompanied by distinct physical injury, and has adopted the rule that such are allowable when occasioned by a willful, wanton, intentional or malicious wrong. See Saenger Theatres Corp. v. Herndon, 180 Miss. 791, 178 So. 86, Daniels v. Adkins Protective Service, Inc., 247 So.2d 710 (Miss. 1971), Lyons v. Zale Jewelry Co. 246 Miss. 139, 150 So.2d 154 (1963), T.G. Blackwell Chevrolet Co. v. Eshee 261 So.2d 481 (Miss. 1972), Doherty v. Mississippi Power Co., 178 Miss. 204, 173 So. 287 (1937)... .
(354 F. Supp. at 648).
Appellee Young relies principally upon this Court's decision in First National Bank v. Langley, 314 So.2d 324 (Miss. 1975). The facts in Langley bear no substantial resemblance to those in the present case. Langley had been a long time employee of A & P Stores and was manager at one of its stores. He had made the night deposit of receipts in the usual manner in the night depository of First National Bank. The bank notified A & P that the deposit had not been received. Repeated assertions by Langley that he had in fact made the deposit and denials by the bank that it had been received created a gross suspicion of Langley's honesty and a profound disbelief of his statement that he had in fact made the deposit. The result was that Langley was compelled by A & P to go on a two weeks vacation, which amounted to a forced suspension from his job of twenty-two years. This situation was continued over a considerable period. At long last the deposit was discovered in the bank's night depository where Langley had placed it just as he had said he had done and where it might have been discovered immediately by a proper search which Langley continued to request.
*72 Appellee Young asserts, however, that Langley is applicable to the facts here and by implication overruled the prior Mississippi cases in which the principle was laid down that, in the absence of gross negligence, willful wrong or malice, no recovery may be had for mental anguish in the absence of physical trauma unless there is "definite and objective physical injury produced as a result of the emotional stress wrongfully caused.
In Aldridge v. Johnson, 318 So.2d 870 (Miss. 1975), decided after Langley, this Court said:
There must necessarily be, in lieu of impact, some requirement of satisfactory proof, and at least in the absence of knowledge of the plaintiff's unusual susceptibility, there should be no recovery for hypersensitive mental disturbance where a normal individual would not be affected under the circumstances.
(318 So.2d at 873).
An annotation on the subject appears in 64 A.L.R.2d 100 (1959).
The significant factor in the rule is that where a defendant has been guilty of simple negligence, as was the case here, "there can be no recovery for mental pain and suffering from the mere negligent act of another unaccompanied by physical bodily injury."
In Langley, this Court dealt with a case in which negligence of the bank virtually destroyed Langley, physically and mentally. He sustained, as the result of the mental distress brought about by the negligence of the bank, identifiable and genuine grievous physical injuries which were proved by both medical and lay testimony. In addition he suffered a loss of wages and incurred substantial medical expenses. This Court set out in its opinion the actual physical injuries sustained by Langley.
In the meantime, the plaintiff had suffered physical and mental pain as a result of his worrying about the missing deposit. He had been referred to a psychiatrist, Dr. W.L. Waldron, who testified that the physical and mental problems of the plaintiff continued even after the deposit was found. He stated that the plaintiff suffered from anxiety neurosis, with depression, and with paranoia, causing overbreathing, muscular tension, shaking, excessive sweating, and acute response to sudden noises. He also suffered from angioneurotic edema, which resulted in the swelling of the lower lip, the tongue, and the upper lip. The swelling was so severe on occasions that the plaintiff had difficulty breathing and consequently had to be rushed to the hospital emergency room. He and his wife, Mrs. Joyce Langley, testified that the plaintiff had severe nightmares, and would wake up in the middle of the night and vomit. Mrs. Langley stated that since the deposit was lost, the plaintiff became "an entirely different person."
Dr. Waldron testified that the plaintiff's reaction was caused by the following:
"[I]t was caused by the fact that he was under suspicion of stealing a deposit of some $2300, and through that suspicion losing a position that he had worked for a good many years to attain, and by not being in a position to prove his innocence, and feeling a threat to his future security through reduced pay; and a further sense of frustration in being trapped in that he had 23 years of seniority with this particular company, along with retirement rights accumulation; a sense of inadequacy because of limited education, and this thing having arrived at a period of life in which it would be extremely difficult for him to go out and find similar work or to train for a new job; and the knowledge that even though he was ultimately found not to have stolen the property that the word more or less had gotten about as far as he was concerned. And so he felt he had a strike against him on that score."
(314 So.2d at 328).
In Langley, the Court concluded:
We, therefore, abandon the "impact doctrine" heretofore followed by this Court, so that hereafter genuine cases of *73 injury growing out of the negligent acts of another  which are reasonably foreseeable as in other negligent cases  will not be dismissed simply because there was no trauma nor impact on the body of the injured claimant.
We are of the opinion that the facts in the instant case established a genuine claim which was subject to the determination of the jury and that the judgment of the trial court based on the verdict of the jury should be affirmed. (Emphasis added)
(314 So.2d at 339).
Langley was not a case such as that now before us. It did not involve a situation of simple negligence not followed by "satisfactory proof" (as set out in Aldridge, supra), of a "genuine case of physical injury" (Langley, supra), resulting from it. A reading of the rather lengthy opinion in Langley reflects that the decision was limited to the facts of that case, a case in which there was "satisfactory proof" not only of terrible mental anguish but also of genuine physical injury and pecuniary loss. No such evidence exists in this case.
Mrs. Young offered no "satisfactory proof" of any "genuine physical injury" or pecuniary loss sustained as a result of the incident. Unless "shock to her nervous system" may be so regarded, no physical injury was even alleged. Although she consulted a doctor a day or two after the episode occurred, she was not even sure that she mentioned it to him. In any event he was not called upon to testify. She had been taking medicine for "nervousness" (not otherwise identified) for some ten years and there is no proof that she was compelled to change or increase medication afterwards. Her son said that she had been nervous for years and after the incident at Sears he thought that she was more nervous but "not much but some" and that it was "not any great deal."
In Langley, the Court was at considerable pains to draw the distinction between the situation in Langley, where, although there had been no physical trauma, there was clear and satisfactory evidence of genuine physical injury and financial loss and to limit the scope of the decision to that type of case. It left intact the existing rule that there can be no recovery for mental anguish unaccompanied by physical injury in the absence of malice, willfulness or gross negligence.
We are compelled to conclude that Mrs. Young failed to allege or provide "satisfactory proof" that she sustained a genuine physical injury as the result of the incident at Sears. The judgment appealed from will be reversed and judgment entered here for Sears.
REVERSED AND JUDGMENT ENTERED HERE FOR SEARS, ROEBUCK & COMPANY.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.