405 So.2d 898 (1981)
SEARS, ROEBUCK & COMPANY
v.
Linda DEVERS.
No. 52721.
Supreme Court of Mississippi.
November 11, 1981.
*899 White & Morse, George E. Morse, Gulfport, for appellant.
Gordon, Myers & Gordon, William H. Myers, Pascagoula, for appellee.
En Banc.
The appellant Sears, Roebuck & Company (Sears) appeals from a judgment of the Circuit Court of Jackson County affirming the judgment of the Jackson County Court against appellant in favor of the appellee, Linda Devers, for $4,300.00 after trial and jury verdict in that amount in the county court. We reverse and render judgment for appellant.
On December 11, 1977, Mrs. Devers was a customer in a Sears store in Jackson County. Her thirteen-year-old daughter was with her. The store was crowded. She was leaving the store after purchasing two blouses and a sweater, and as she approached an exit door, an automatic alarm went off. The exit doors then locked and would not open with people pushing to leave. The numerous customers became excited, began looking at each other, as she stated: "It scared me to death." She further testified two men and a woman came running toward her, one man and a woman grabbed her by the arm, and started telling her, "to come that way." The other man followed.
Mrs. Devers was escorted to the men's department, her daughter repeating: "Mama, what are they doing, what are they doing?" She did not know. When they got to the men's department, Sears' employees removed her purchases from her bag, and it was discovered a certain tag inside the sweater had not been removed from the sweater when the clerk sold it to Mrs. Devers. The tag, which was supposed to be removed when the merchandise was sold, activated the alarm.
The Sears' employees realized a mistake had been made, and apologized to Mrs. Devers. By that time she was very upset.
She drove home crying and informed her husband. She and her daughter were both crying when Mrs. Devers told him she "felt just like a common criminal." He understandably likewise became angry and upset.
She continued to be upset and testified she "cried for two or three days." Her husband noticed she was extremely nervous and had crying spells for several days following the incident. She never took any medication, however, and never consulted a physician. She did not lose any time from her job.
No suit was filed for civil assault. On July 12, 1979, Mrs. Devers filed a declaration in the Jackson County court alleging simple negligence on the part of Sears' employees from which she became mentally and emotionally upset, suffered emotional trauma, and was subjected to ridicule, embarrassment and humiliation due to the negligence of Sears. She demanded $10,000.00 damages.
Sears filed an answer of general denial. It did not plead the one year statute of limitations, Mississippi Code Annotated Section 15-1-35 (1972), for civil assault. At the trial, when the plaintiff rested, counsel for Sears moved for a directed verdict, arguing that while the declaration was premised on negligence, the proof was premised on assault, and barred by this statute.
Counsel for Mrs. Devers responded:

*900 Your Honor, we pled negligence in this case saying that Sears was negligent in failing to remove this tag causing this lady to be embarrassed as a result of this negligence, and the emotional trauma.
Mrs. Devers' counsel further responded:
We have not pled assault and battery whatsoever. We have not pled anything that would fall under the one year statute. In fact, your Honor, our pleadings are complete in that this is strictly a negligence case. And, your Honor, there is no affirmative defense pled as to any statute of limitations running. (emphasis added)
The motion for a directed verdict was overruled. The instructions are somewhat in conflict. A peremptory instruction to find for the plaintiff was given, but instructions were also given authorizing the jury to find for the defendant.
The defendant was also given an instruction to the jury that it should not award any damages by way of punishment.
No cross appeal has been taken by the plaintiff because of the court's granting defendant an instruction that punitive damages should not be awarded.
Appellant's first assignment of error on this appeal states it was entitled to a peremptory instruction because the plaintiff was not entitled to recover any damages in this case based upon simple negligence. We need only address this first assignment.
The declaration in this cause was based upon simple negligence. By a liberal construction arguably it included an allegation which could be considered an assault.
When Sears failed to affirmatively plead the one year statute dealing with civil suits based upon an assault, of course it waived this defense. W.T. Raleigh Co. v. Fortenberry, 133 Miss. 467, 97 So. 722 (1923); Davis v. Davis, 210 Miss. 182, 49 So.2d 242 (1950); Davis v. Bar, 250 Miss. 54, 157 So.2d 505 (1963).
At the conclusion of the plaintiff's case, however, when the precise point was raised by Sears' counsel, the response of plaintiff's counsel that this was a simple negligence case removed any possible contention on appeal that this case is an assault case. When, during the course of a trial an attorney, with intent to influence the ruling or decision by the court on a point in issue, makes a solemn statement to the court committing his client to some legal position on the issue before the court, the client is bound thereby. Noxubee County v. Long, 141 Miss. 72, 106 So. 83 (1925). 7 Am.Jur.2d Attorneys-at-Law, Section 151; 7A C.J.S. Attorney and Client, Section 205(a).
Section 205(a) states in part:
An attorney employed for purposes of litigation has the general implied or apparent authority to enter into such stipulations or agreements, in connection with the conduct of litigation, as appear to be necessary or expedient for the advancement of his client's interests or to accomplishment of the purpose for which the attorney was employed. Such stipulations or agreements are binding on the client, without regard to the client's actual knowledge or consent.
Under circumstances as shown in this case, it is imperative that parties be bound by legal positions taken by them in court, and upon which opposing counsel and the trial court rely.
The only question before this Court on this appeal, therefore, is whether Mrs. Devers received compensable injuries in a suit based on simple negligence. An entirely different question would be presented if this case were based upon assault, Morgan v. Loyacomo, 190 Miss. 656, 1 So.2d 510 (1941); or upon some "wanton or shamefully gross wrong," Saenger Theaters Corp. v. Herndon, 180 Miss. 791, 178 So. 86 (1938); or upon "... conduct exceeding all bounds usually tolerated by society, of a nature which is especially calculated to cause and does cause mental damage of a very serious kind." Lyons v. Zale Jewelry Co., 246 Miss. 139, 150 So.2d 154 (1963); or acts done "... maliciously, intentionally, or with such gross negligence or recklessness to show an utter indifference to the consequence." Daniels v. Adkins Protective Service, Inc., 247 So.2d 710 (Miss. 1971).
*901 Appellee excluded assault as a cause of action in the trial of this cause. Likewise, in making no objection to the defendant Sears' instruction to the jury not to award punitive damages, and in not perfecting a cross-appeal citing such instruction as error, we can only consider this case on appeal as one of ordinary simple negligence. Therefore, the additional tools to construct legal liability set out in Saenger Theaters, Zale Jewelry and Adkins Protective Service have been removed by appellee.
As above stated Mrs. Devers suffered no physical injury, developed no sickness, and no medically cognizable mental injury. No physician ever attended her, and the incident occurred on Sunday, and she was not off from work as a result of her experience. Mrs. Devers was unnecessarily embarrassed and humiliated in public, and understandably quite upset for several days.
In Morgan v. Loyacomo, supra, under similar facts to this case this Court held the conduct of the store employees constituted an assault and battery rendering the store owner liable for damages, even though no physical injury was done to plaintiff.
In Saenger Theaters Corp. v. Herndon, supra, the abuse was purely verbal. The ticket taker at a theater refused to permit a fourteen-year-old girl who had purchased a ticket to enter, stating angrily in the presence of several persons she had been guilty of "indecent and lowdown conduct" in the show. This Court stated:
The court was, therefore, not in error in admitting evidence of mental pain and suffering, although unaccompanied by a distinct physical injury. Ordinarily, it is true, damages for mental pain and suffering not accompanied by a distinct physical injury are not allowable; but this rule does not include cases of wanton or shamefully gross wrong, such as the case now before us... . And for the same reason the court properly submitted to the jury the issue of punitive damages; ... . (178 So. at 87).
In Lyons v. Zale Jewelry Co., supra, an attorney for the defendant jewelry company, in attempting to collect a debt due by plaintiff's son, used vile, insulting and abusive language over the telephone to the plaintiff, causing her to undergo nervous shock, mental anguish and physical suffering. A demurrer to plaintiff's declaration was sustained in the circuit court. Upon appeal, the case was reversed and remanded for trial. In a detailed opinion giving the history of the problem of awarding damages for mental anguish where there was no physical injury, this Court stated as follows:
In general, damages for mental anguish or suffering are recoverable when they are the natural or proximate result of an act committed maliciously, intentionally, or with such gross carelessness or recklessness as to show an utter indifference to the consequences when they must have been in the actor's mind. In most jurisdictions in fact, damages are recoverable for mental anguish and suffering caused by a willful, wanton, malicious, or intentional wrong, even though no bodily injury is sustained or other pecuniary damage alleged or proved. (150 So.2d at 158).
In Lyons we stated further:
We are not called upon to consider here the creation of an independent (new) cause of action in tort. This Court has recognized the undeniable fact that a strong emotion of the mind, and particularly when that emotion is highly unpleasant, as from a sense of insult, may produce a physical personal injury... . This Court has also recognized the principle that, when definite and objective physical injury is produced as a result of emotional stress wrongfully caused by the defendant, a defendant under some circumstances may be held liable for such physical consequence notwithstanding the absence of any physical impact upon the plaintiff at the time of the mental shock. (150 So.2d at 162).
In Daniels v. Adkins Protective Service, Inc., supra, the embalmer employed by the defendant caused gangrene of the corpse to the extent the funeral home handling the *902 funeral services advised the family not to view the body. This caused the widow such shock she suffered a nervous breakdown. This Court held the embalmer was not guilty of anything beyond simple negligence, and therefore damages were not recoverable. This Court again stated the general rule as follows:
The rule in this State is that there can be no recovery for mental pain and suffering from the mere negligent act of another unaccompanied by physical or bodily injury. However, damages are recoverable for mental pain and anguish by a willful, wanton, malicious or intentional wrong even though no bodily injury was sustained. (247 So.2d at 711).
Where there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally  or even unintentionally yet the results being reasonably foreseeable  Courts can in certain circumstances comfortably assess damages for mental and emotional stress, even though there has been no physical injury. In such instances, it is the nature of the act itself  as opposed to the seriousness of the consequences  which gives impetus to legal redress. Thus, our holdings in the above enumerated cases.
Also, in a case of simple, or ordinary "garden variety negligence," even in the absence of physical injury accompanying the negligent conduct, if there is a resulting physical illness or assault upon the mind, personality or nervous system of the plaintiff which is medically cognizable and which requires or necessitates treatment by the medical profession, this Court has followed the modern tendency and held a legal cause of action exists. This assumes, of course, the test of reasonable foreseeability is also satisfactorily met.
In First National Bank v. Langley, 314 So.2d 324 (Miss. 1975), the negligence of the bank in failing to use reasonable care in searching for a deposit made by Langley, which was lost by becoming hung up in the night depository, created a suspicion of him and a cloud over his employment. This, in turn, caused him to suffer a physical distortion of the face stemming from angioneurotic edema, which resulted in the swelling of the lower lip, the tongue, and the upper lip, the swelling being so severe on occasions that the plaintiff had difficulty breathing and consequently had to be rushed to the hospital emergency room. He suffered severe psychic and personality problems, including paranoia, depression, anxiety neurosis, for which he was treated by a psychiatrist. He was also subjected to bouts of over-breathing muscular tension, shaking, sweating and acute response to sudden noise. Even though we held this case to be one of simple negligence we abandoned the long standing "physical impact injury" prerequisite to a recovery of damages, and affirmed a judgment in favor of plaintiff.
Two recent cases involving simple negligence and no physical impact injury were Aldridge v. Johnson, 318 So.2d 870 (Miss. 1975), and Sears, Roebuck & Company v. Young, 384 So.2d 69 (Miss. 1980). The main thrust of Aldridge v. Johnson was absence of any particular injury, either physical or mental, and we therefore held no liability existed. Likewise, in Sears, Roebuck & Company v. Young, a case quite similar to this case, there was no evidence of any mental or physical injury which necessitated or required medical treatment, and we again held no liability existed.
The facts of this case do not bring it within the ambit of our holding in Langley. The judgment of the circuit court is therefore reversed and judgment is rendered here for the appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and LEE, JJ., concur.
HAWKINS and BOWLING, JJ., specially concur.
HAWKINS, Justice, specially concurring:
I concur in the result reached by this opinion. I agree that an act which can only be characterized as one of simple negligence *903 happens to cause transitory emotional or mental disturbance, ephemeral in nature, and requiring no professional help, recovery should not be allowed.
I do not believe the language in any previous opinion should be construed to mean, however, that this Court will never uphold a judgment for serious mental injury alone caused by the negligence of another. Although it might be considered an unnecessarily fine distinction, because it is difficult to conceive of an act causing medically serious mental injuries which does not thereby have some physical consequences as well upon the body, this Court should specifically recognize that mental injury alone, if carrying serious consequences and supported by competent medical evidence, is sufficient to support a claim for damages. If there is a genuine basis of liability due to the negligence of another, the plaintiff should not be denied recovery simply because the assault is only upon the mind or nervous system, when the result is a serious, medically cognizable injury. This would not be changing a rule of law, but would be a recognition by this Court of the enormous advance which has been made in the art, science and technology of the diagnosis and treatment of mental and emotional infirmities. This, in my opinion, was the thrust of our holding in First National Bank v. Langley, 314 So.2d 324 (Miss. 1975), and should be clearly enunciated here.
BOWLING, J., joins in this opinion.