**Bobby W. CLARDY d/b/a Clardy Construction, Appellant,**

v.

**APAC–MISSISSIPPI, INC., A Mississippi Corporation, Appellee.**

No. 1:96CV92.

United States District Court, N.D. Mississippi.

June 16, 1998.

---

**17.** Assuming, of course, that the future plan of reorganization proposed the use of Appellants' post-petition income.

Phillip T. Dean, Columbus, MS, for Appellant.

John W. Crowell, Dewitt T. Hicks, Jr., Gholson, Hicks, & Nichols, Columbus, MS, for Appellee.

## OPINION

SENTER, Chief Judge.

This cause is before the court upon appeal from a final judgment entered by the United States Bankruptcy Judge on June 9, 1995, in which contractual damages as well as sanctions were ordered against APAC, the appellee. The appellant brought this appeal challenging the court's denial of punitive damages and attorney's fees, challenging the court's failure to find that he sustained emotional distress, and challenging as inadequate the amount awarded as sanctions.

For the reasons stated below, this court affirms the findings and rulings of the bankruptcy court.

This case arises from a business relationship between Clardy, a contractor, and APAC, a paving business. Clardy owed APAC $9,625.35 for paving services from February, 1991 for work APAC performed in a subdivision Clardy was developing. Because the debt remained unpaid, APAC subcontracted work to Clardy in May of 1992 in an attempt to offset Clardy's continued indebtedness with APAC. The subcontract contained two offset provisions—a printed provision which allowed total offset and a typewritten provision providing $.02 per linear foot of the subcontract price.[1] Clardy performed the work and billed APAC $6,025.40, the original subcontract amount less $256.40 toward the prior debt of $9,625.35 in accordance with the $.02 setoff provision. Negotiations arose between the parties to resolve differences regarding payment by APAC to Clardy for the subcontract amount of $6,025.40 and payment by Clardy to APAC for the prior unpaid debt of $9,625.35. After reaching an impasse, APAC filed a declaratory judgment with the Chancery Court in Lowndes County on October 30, 1992. Clardy then filed a petition for relief with the bankruptcy court and removed the declaratory judgment action to the bankruptcy court.

The bankruptcy court found there was ambiguity in the subcontract, that the typewritten provision controlled, and that Clardy was entitled to the net proceeds of the subcontract, $6,025.40 plus interest accruing at the highest rate permitted by state law. Judge Houston found, however, that punitive damages were not warranted in that the subcontract was clearly ambiguous and that APAC had an arguable basis for filing the declaratory judgment. The court further found that Clardy was not entitled to damages for emotional distress because he failed to meet his evidentiary burden. However, Judge Hous-

[1] According to Judge Houston's opinion, the testimony during the hearing established that "if Clardy would make satisfactory arrangements to pay the prior debt that the $.02 per linear foot reduction would be the only amount withheld from the subcontract proceeds" and "Clardy candidly admitted that he knew that the general setoff provisions were in the subcontract when he signed the document."

ton awarded sanctions in the amount of $2,500 against APAC and its counsel for its "inability to settle on a theory to defend the allegations of Clardy's counterclaim." [2]

## STANDARD OF REVIEW

■ In its role as an appellate court over bankruptcy matters, this court may not set aside the bankruptcy court's findings of fact unless these findings are clearly erroneous. Bankruptcy Rule 8013; *Richmond Leasing Co. v. Capital Bank N.A.*, 762 F.2d 1303 (5th Cir.1985). Conclusions of law, on the other hand, are subject to de novo review. Bankruptcy Rule 8013. Because conclusions of law generally involve legal concepts as applied to factual components, this court may not set aside the lower court's findings as to the factual components, or ultimate facts, unless clearly erroneous, but plenary review must be afforded of the legal precepts and application of the legal precepts to the factual components. *Universal Minerals, Inc. v. C.A Hughes & Company*, 669 F.2d 98 (3d Cir.1981).

## PUNITIVE DAMAGES AND ATTORNEY'S FEES

■ Punitive damages are recoverable in an action for breach of contract if the breach was occasioned by intentional abuse or conduct. *Fought v. Morris*, 543 So.2d 167, 173 (Miss.1989). "Specifically ... punitive damages are recoverable in breach of contract cases 'where such breach is attended by intentional wrong, insult, abuse, or such gross negligence as amounts to an independent tort.'" *Polk v. Sexton*, 613 So.2d 841, 845 (Miss.1993) *citing Tideway Oil Programs, Inc. v. Serio*, 431 So.2d 454, 465–66 (Miss.1983) and *Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396, 398 (Miss.1975). Punitive damages should be awarded only in extreme cases. *Bryant v. Alpha Entertainment Corp.*, 508 So.2d 1094, 1098 (Miss.1987).

■ In the case at bar, Judge Houston found the circumstances did not warrant punitive damages because of the ambiguity present in the subcontract. Further, Judge Houston found that APAC had an arguable basis for filing the declaratory judgment action. Obviously, Judge Houston, as the trier of fact, did not find that the breach of the subcontract involved action amounting to an "intentional wrong, insult, abuse, or such gross negligence as. amounts to an independent tort." Indeed, a party to whom is owed $9,625.35 in overdue debt could hardly be said to have "intentionally" abused the owing party by withholding a $6,025.40 payment which arose from an ambiguous contract one year after the initial debt was incurred. The mere fact that APAC subcontracted with Clardy suggests that they were very much interested in recovering the outstanding debt—and, obviously, more so, as the events have played out, than Clardy was in paying the debt.

■ For the most part, attorney's fees are not recoverable under Mississippi law absent an award of punitive damages. *Miller v. Allstate Ins. Co.*, 631 So.2d 789, 795 (Miss.1994); *Central Bank v. Butler*, 517 So.2d 507, 512 (Miss.1987). The appellant supports his argument for punitive damages under an exception to the general rule which states that attorney's fees may be appropriate as extra-contractual damages even in the absence of punitive damages where an insurer denies a claim without any arguable basis. *Andrew Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172, n. 13 (Miss.1990). While the appellant argues bad faith insurance case law by way of analogy, this court finds the unique factual setting of this matter is completely inappropriate for the application of bad faith insurance law. But for the debt owed by Clardy to APAC, bad faith insurance law

**2.** Judge Houston stated, "In the opinion of this court, this is a proceeding that could have been and, indeed, should have been resolved in the Chancery Court of Lowndes County several years ago. To the contrary, it has been fiercely litigated in this court with several rounds of discovery, including numerous depositions. One problem that contributed to the protracted course of this litigation was the inability of APAC to settle on a theory to defend the allegations of Clardy's counterclaim. Coincidentally, the court has already sustained a motion for sanctions against APAC and/or its attorneys, Gholson, Hicks, Nichols, and Ward, on August 16, 1994, because, by changing its approach to the defense of the counterclaim, Clardy's attorneys were required to perform a significant amount of unnecessary work."

would provide proper legal analysis. However, it seems hardly fair to hold APAC to a higher legal standard when, more than likely, there would have been no litigation had Clardy fulfilled his obligations to APAC from the outset. Regardless, application of the exception provides no relief to appellant because arguable basis did exist. Therefore, this court finds that Judge Houston correctly denied attorney's fees given the absence of punitive damages or, alternatively, given the existence of arguable basis.

### EMOTIONAL DISTRESS AND DAMAGES FOR MENTAL ANGUISH

■ The standard of recovery for mental anguish and intentional infliction of emotional distress requires conduct so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community. *Morrison v. Means,* 680 So.2d 803, 805–06 (Miss.1996)(finding conduct did not rise to level of malicious, intentional, willful, wanton, grossly careless, indifferent, or reckless where the appellant had failed to honor a refund that had been expected by the appellee). Additionally, recovery for emotional injury is available from negligent conduct providing that the injury was reasonably foreseeable by the defendant. *First National Bank v. Langley,* 314 So.2d 324 (Miss. 1975). In either case, it is incumbent upon the plaintiff to introduce actual proof of injury for the particular conduct brought into question. *Wong v. Stripling,* 700 So.2d 296, 306–7 (Miss.1997); *Finkelberg v. Luckett,* 608 So.2d 1214 (Miss.1992)(evidence did not support an award of mental anguish damages where proof consisted of nothing more than plaintiff's generalized testimony); *Strickland v. Rossini,* 589 So.2d 1268 (Miss. 1991)(where evidence of emotional injury consisted solely of plaintiff's boyfriend's testimony that plaintiff was "very upset," "very

depressed," and unable to sleep, court found proof legally insufficient); *Sears, Roebuck & Co. v. Devers,* 405 So.2d 898 (Miss.1981)(reversing finding of liability on claim where there was no proof of either physical or mental injury).

■ Although the judge did not make any finding as to whether APAC's actions rose to the requisite level of maliciousness for purposes of establishing the tort of emotional distress,[3] he did find that appellant had not proffered sufficient evidence of injury suffered. Specifically, Judge Houston noted that Clardy had suffered from anxiety and insomnia prior to the dispute with APAC and, in fact, had been taking prescribed medications for these conditions for years. Even though the appellant offered testimony during the hearing from his treating physician, it is the lack of substance from that testimony which prevents the appellant's recovery on mental anguish damages. Because proof of injury resulting from particular conduct is required and because appellant failed to offer evidence of such proof of injury, this court finds that the bankruptcy court correctly found in favor of the defendant on this claim.

### SANCTIONS

■ Finally, the appellant appeals the amount of sanctions imposed upon APAC and its counsel for protracting the course of litigation and, apparently, for placing before the court alternative theories of defense. Appellant argues that the amount imposed by Judge Houston as sanctions was inadequate and that sanctions would be appropriate in the amount of attorney's fees.[4] The abuse of discretion standard governs the review of the bankruptcy court's imposition of sanctions, *Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)(standard of review for court's imposition of sanctions reviewed under abuse of discretion standard), and, therefore, this court finds that the bankruptcy court did not

---

**3.** While the appellant attempts to argue an award for mental anguish under the negligence theory, it appears very difficult to cast the situation in terms of negligence when the defendant readily admits it withheld the payment in an effort to recoup debt owed to it.

**4.** The court notes that appellant reasserted his argument for attorney's fees separate and apart from his initial argument for attorney's fees.

abuse its discretion in awarding sanctions in the amount of $2,500.

As a final matter, the court notes that, at this point, and from this court's perspective, APAC and its counsel are not alone in protracting the course of this litigation. With the filing of this frivolous appeal, appellant has managed to increase his entitlement to interest from the appellee on the compensatory damages.[5] Therefore, in lieu of imposing monetary sanctions as it well could under its inherent powers, this court finds that the timing of interest awarded by Judge Houston on the compensatory damages should be tolled from the date of filing of this appeal until date of entry of the order resulting from this opinion if, in fact, interest has been charged to the appellee during this time frame.[6] An appropriate order shall be issued.

---

5. Appellant argues he is entitled to mental anguish damages because he is entitled to punitive damages. He argues he is entitled to attorney's fees because he is entitled to punitive damages. Appellant argues that he is entitled to punitive damages because APAC and its attorneys filed the declaratory judgment and that, instead, APAC should have "paid Appellant the Subcontract proceeds to which he was legally entitled." Unfortunately, appellant misses the point. At the time APAC filed its declaratory judgment, Clardy owed APAC $9,625.35. This court fails to under-

stand how seeking judicial remedy could possibly be construed as "an intentional wrong" when Clardy, himself, sought judicial remedy with the filing of the bankruptcy petition for which harsher results existed for APAC.

6. If the appellee has already rendered payment to the appellant for the judgment amount, any interest included in the calculation resulting from the appeal time shall be refunded to the appellee.