Robert T. SMITH et al., Appellants,

v.

The CITY OF JACKSON, MISSISSIPPI, Appellee.

No. 22805.

United States Court of Appeals Fifth Circuit.

March 10, 1966.

On Reconsideration April 20, 1966.

Claudia H. Shropshire, Detroit, Mich., L. H. Rosenthal, Jackson, Miss., for appellants.

J. A. Travis, Jr., Thomas H. Watkins, E. W. Stennett, Elizabeth W. Grayson, Jackson, Miss., for appellee.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

PER CURIAM.

■ These cases which had been removed to the federal district court under 28 U.S.C.A. § 1443 were remanded to the Municipal Court of the City of Jackson for trial. It is generally held that a mere motion to remand or an answer denying material facts is not sufficient to overcome the averments of a removant's well pleaded petition. Cf. State of Tennessee v. Keenan, 13 F.Supp. 784 (W.D. Tenn. 1936). Unless a full hearing is accorded a well pleaded removal petition is sufficient shouldering of the removant's burden to overcome a motion for remand.

■■ In the instant case the City of Jackson did more than just deny material facts; affidavits were submitted contradicting removants' petitions. The district court was then under a duty to hear and determine the factual issues. Cf. Forman v. City of Montgomery, 245 F. Supp. 17 (M.D.Ala. 1965) aff'd per curiam 355 F.2d 930 (5th Cir. 1966). "[A]t the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding". Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921) at 97–

98, 42 S.Ct. 35 at 37, 66 L.Ed. 144. 1A Moore's Federal Practice ¶0.168 [4–1] p. 1346. In this case the removants failed to come forward with any evidence at the hearing and the district judge chose to believe the affidavits submitted by the City of Jackson. Neither counter affidavits nor cross examination of the affiants was attempted.

The removants having failed in their burden, the judgment of the district Court is affirmed.

## ON PETITION FOR RECONSIDERATION

On March 10, 1966, we affirmed the remand of this case originally removed under 28 U.S.C.A. § 1443. At that time the Court believed that removants had been provided an opportunity to have a full evidentiary hearing but had declined to present live testimony, electing to stand on the pleadings and affidavits before the district court. Upon re-examination of the record in this case, we are unable to determine whether in fact an opportunity was afforded for a full evidentiary hearing.

 Unless a full hearing is accorded, a well-pleaded and verified removal petition is sufficient shouldering of removants' burden to overcome a motion for remand and its supporting affidavits, under 28 U.S.C.A. § 1446. Cox v. State of Louisiana, 348 F.2d 750 (5 Cir. 1965); Rachel v. State of Georgia, 342 F.2d 336 (5 Cir. 1965); Peacock v. City of Greenwood, 347 F.2d 679 (5 Cir. 1965); Cooper v. State of Alabama, 353 F.2d 729 (5 Cir. 1965); State of Tennessee v. Keenan, 13 F.Supp. 784 (W.D. Tenn. 1936). Cf. Forman v. City of Montgomery, 245 F.Supp. 17 (M.D.Ala. 1965), aff'd, 355 F.2d 930 (5 Cir. 1966). Since we are not certain whether an opportunity for a full evidentiary hearing was provided, the judgment must be vacated and the case remanded to the district court.

Moreover, this case was decided by the district court prior to this Court's decisions in *Rachel* and *Peacock*, supra. It is not at all clear that the district court applied the proper law in disposing of this removal action. The *Rachel* and *Peacock* cases are now pending before the Supreme Court.[1] We, therefore, remand this case with instructions that the district court hold it pending the Supreme Court's disposition of *Rachel* and *Peacock*. At that time the district court will be in a position to make a disposition of this case which will clearly show that it has adequately found the facts and applied the proper law. The judgment of the district court is therefore vacated and the case remanded.

Vacated and remanded.

---

1. Georgia v. Rachel, Sup.Ct. No. 147; City of Greenwood v. Peacock, Sup.Ct. No. 471 and No. 649.