**Greg KASLO et al., Appellants,**

v.

**CITY OF MERIDIAN, MISSISSIPPI,**
Appellee.

**No. 22818.**

United States Court of Appeals
Fifth Circuit.

May 12, 1966.

Claudia H. Shropshire, Detroit, Mich.,
L. H. Rosenthal, Jackson, Miss., for appellants.

Thomas Y. Minniece, Meridian, Miss.,
for appellee.

Before RIVES and THORNBERRY,
Circuit Judges, and GARZA, District
Judge.

PER CURIAM:

These cases arise out of the arrest of
the fifteen appellants for obstructing a
public sidewalk while picketing the La-
mar Hotel on February 16, 1965. They
were charged with violating Ordinance
No. 20–18 of the City of Meridian, and
Appellant Kaslo was, in addition, charged
in the Lauderdale County Court with vio-
lating Section 2296.5 of the Mississippi
Code, which also prohibits the willful ob-
struction of "the free, convenient and
normal use of any public sidewalk  *  *."

The cases were removed to the court
below pursuant to 28 U.S.C. § 1443, and
these appeals arise out of the action
of the District Court in remanding all
of the cases on Appellees' motions to re-
mand, without holding an evidentiary
hearing.

All of the cases were remanded on
March 29, 1965, which was shortly after
our decision in Rachel v. State of Geor-
gia, 342 F.2d 336, 5 Cir. 1965, but before
the case of Peacock v. City of Greenwood,
347 F.2d 679, 5 Cir. 1965, was decided.

As we have stated before, a mo-
tion to remand, or an answer denying ma-
terial facts, is not sufficient to overcome
a well-pleaded and verified removal peti-
tion, and a full evidentiary hearing must
be provided. Smith et al. v. City of
Jackson, 5 Cir., 358 F.2d 705. On Peti-
tion for Reconsideration April 20, 1966;
Cooper v. State of Alabama, 353 F.2d 729,
5 Cir. 1965; Cox v. Louisiana, 348 F.2d
750, 5 Cir. 1965; Peacock v. City of
Greenwood, supra; Rachel v. State of
Georgia, supra; State of Tennessee v.
Keenan, 13 F.Supp. 784, W.D.Tenn.1936.

Although we believe that the pe-
titions for removal filed in the instant
cases are legally sufficient and required
the District Court to provide an opportu-
nity for a full hearing thereon, we make
the same disposition of this case as was
made on petition for reconsideration in
Smith, et al. v. City of Jackson, supra, so
that the District Court may determine
this case in the light of the forthcoming
opinions of the Supreme Court in *Rachel*
and *Peacock*.

This case is remanded with instructions that it be held pending the Supreme Court's disposition of *Rachel* and *Peacock*.

The judgment of the District Court is, therefore, reversed and remanded.