391 So.2d 627 (1980)
Victor John DITTA and Vincent Frank Ditta d/b/a Ditta Realty Co.
v.
The CITY OF CLINTON, Mississippi, a Municipal Corporation.
No. 52173.
Supreme Court of Mississippi.
November 19, 1980.
As Modified on Denial of Rehearing January 14, 1981.
Terese E. Troxclair, David W. Mockbee, Reynolds, Mockbee & Johnson, Jackson, for appellant.
John H. Fox, III, Marc A. Biggers, Fox, Gowan & Biggers, Jackson, for appellee.
Before PATTERSON, C.J., and WALKER and BROOM, JJ.
BROOM, Justice, for the Court:
Res judicata and collateral estoppel were successfully asserted by the City of Clinton (Clinton herein) in the Circuit Court of the Second Judicial District of Hinds County. Plaintiffs, Victor John Ditta and Vincent Frank Ditta d/b/a Ditta Realty Co. (Ditta herein), sued Clinton and Hammerhead Construction Co. (a Louisiana firm) alleging that Hammerhead negligently designed and negligently supervised the construction of a retaining wall on Ditta's Clinton East Mall in Clinton. Previously, Ditta had sued Hammerhead (which did the construction work) *628 in a Louisiana court for breach of contract and defective workmanship. The Louisiana court exonerated Hammerhead on the theory that Hammerhead had complied with the design furnished by Ditta which had been approved by Clinton. When Ditta sued Clinton in Hinds County, Mississippi, the Mississippi court held that the Louisiana judgment (res judicata) barred the present suit of Ditta. We reverse.
The chief issue is whether the Louisiana judgment in favor of Hammerhead entitles Clinton to dismissal based upon res judicata and/or collateral estoppel. We must hold to the contrary because the Louisiana lawsuit involved different party litigants and different issues. Magee v. Griffin, 345 So.2d 1027 (Miss. 1977); Sanders v. State, 242 So.2d 412 (Miss. 1970).
Ditta's suit against Hammerhead in Louisiana was based upon the failure (defective qualities) of the timber retaining wall constructed by Hammerhead for Ditta. Only two parties were involved in that action: Ditta and Hammerhead. Hammerhead was exonerated by the Louisiana court on the basis of its finding that Hammerhead did its work on the retaining wall in compliance with the plans and specifications provided to Hammerhead by Ditta. The Louisiana court further found that any failure of the retaining wall related to faulty plans and specifications. In making its finding, the Louisiana court pointed out that the original plans and specifications which Ditta furnished Hammerhead were unacceptable to Clinton and thereafter modified in accordance with Clinton's requirements. Any possible liability on the part of Clinton was not and indeed could not have been legally adjudicated by the Louisiana court.
In its decision, the Louisiana court noted that the location of the soil anchors (an integral component of the wall construction) was not determined by Hammerhead which did its work under the direct supervision of Clinton's engineer. The Louisiana court stated:
The defendants admitted that they did not know what undisturbed soil was, that this fact was so related to both the plaintiffs and the City Engineers of the City of Clinton and that the defendants were told where to place the soil anchors by the City Engineers of the City of Clinton and were told that where they were placed was in undisturbed soil. This is borne out by the fact that the City Engineers of the City of Clinton approved the placement of the soil anchors and approved the inspection of where the soil anchors would be placed and actually physically marked the place where the soil anchors were to be inserted in the ground.
Having found that Hammerhead did its construction work in compliance with the plans, specifications, and directions given by Clinton's engineers relating to the wall, the Louisiana court exonerated Hammerhead of any liability with reference to the defective retaining wall.
After Ditta lost its Louisiana action against Hammerhead and was later sued by an adjoining landowner because of the collapsing and defective retaining wall, it then sued Clinton in the present Mississippi action. Ditta's suit against Clinton was based upon the premise that it (Ditta) had relied upon Clinton's engineer to supervise the construction of the wall in controversy. Study of the pleadings makes it obvious that Ditta concluded that the wall was improperly designed and constructed and, therefore, could recover from whichever party was negligent in the design, supervision, or construction of the wall. The Louisiana judgment, in exonerating Hammerhead for any liability related to the negligent construction of the retaining wall, did not reach any alleged acts or omissions by Clinton in the negligent supervision as pertained to the wall.
In this action, Ditta is not questioning Hammerhead's liability but is alleging liability on the part of Clinton for its actions or omissions as supervisor. These issues have not been resolved by the Louisiana court. The present issues of negligent design and supervision were not asserted or adjudicated in the Louisiana suit against *629 Hammerhead, the contractor. It appears that one Harrison prepared the plans and specifications which were then modified in accordance with the express direction of Clinton's engineer after which Clinton accepted the plans and specifications as updated and revised. The record causes us to conclude that the factual issue of the present litigation is whether negligent supervision attributable to Clinton caused the failure or collapse of the retaining wall. Hammerhead's exoneration by the Louisiana court left undecided the present issue against Clinton. In Magee v. Griffin, 345 So.2d 1027, 1033 (Miss. 1977), we held that in order for res judicata to bar an action the following essential elements must be present:
(1) identity of thing sued for; (2) identity of cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or character in the person against whom the claim is made.
Clinton was not a party to the Louisiana suit so that element (3) is lacking. The alleged negligence of Clinton pertaining to negligent supervision of the wall's construction was not an issue decided by the Louisiana court; therefore, essential (2) is also lacking.
As stated in Sanders v. State, 242 So.2d 412, 413-14 (Miss. 1970):
Collateral estoppel is one aspect of res judicata. Developed in civil litigation, and firmly established in the jurisprudence of this state as applied to civil cases, this doctrine means that where a question of fact essential to a judgment is actually litigated and determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Garraway v. Retail Credit Co., 244 Miss. 376, 141 So.2d 727 (1962).
Accordingly, the outcome of the Louisiana litigation cannot be the proper basis for dismissal of the present suit on the ground of either res judicata or collateral estoppel.
Clinton also contends that it is immune from liability under the doctrine of sovereign immunity. This argument is without merit because Clinton's alleged actions with reference to the retaining wall were a proprietary function and not a governmental function. City of Ruleville v. Grittman, 250 Miss. 842, 168 So.2d 527 (1964).
Upon remand, the lower court will consider all evidence pertaining to Clinton's alleged negligence.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.