David R. GREEN, Plaintiff-Appellant,

v.

AMERADA HESS CORPORATION and L.A. Stricklin, Defendants-Appellees.

No. 82–4223.

United States Court of Appeals, Fifth Circuit.

June 16, 1983.

Rehearing and Rehearing En Banc Denied Aug. 10, 1983.

---

Dixon L. Pyles, Jackson, Miss., James M. Brown, Laurel, Miss., Clyde Brown, Long Beach, Miss., for plaintiff-appellant.

Edmund L. Brunini, Jr., John E. Milner, Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, THORNBERRY and RANDALL, Circuit Judges.

CLARK, Chief Judge:

David R. Green claims he was wrongfully discharged by his employer, Amerada Hess Corporation. Green also claims that L.A. Stricklin, a vice-president of Amerada Hess, had a part in his discharge. Green brought an action against Amerada Hess and Stricklin in a Mississippi court. Amerada Hess removed the action to federal court. Green moved the court to remand the action to state court. The court denied the motion, dismissed the cause against Stricklin, and granted summary judgment in favor of Amerada Hess. We hold that Green's motion to remand should have been granted, and reverse and remand with instructions that the case be returned to state court.

Green sustained a back injury in the course of performing his employment duties for Amerada Hess. Green eventually required surgery. He recuperated from the operation and resumed his employment. He was fired within one year.

Green brought an action against Amerada Hess in federal court. The basis of jurisdiction was diversity of citizenship. Green alleged that he had been discharged in retaliation for pursuing his rights under Mississippi's workmen's compensation statute.[1]

The district court granted summary judgment in favor of Amerada Hess. On appeal, *Green v. Amerada Hess*, 612 F.2d 212 (5th Cir.), *cert. denied*, 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980) (*Green I*), this court affirmed. We first noted that Green "did not have a written contract of employment, but was hired for an indefinite period of time." *Id.* at 213. After examining the conflicting caselaw of other jurisdictions, and pointing out that neither the Mississippi legislature nor the Mississippi courts had addressed the matter, the court refused to create a new cause of action for retaliatory discharge under Mississippi law. The court went on to hold that an employer under Mississippi law has the legal right to discharge an employee hired for an indefinite term without any justification. *Id.* at 214. The court affirmed the district court's ruling that Green had failed to state a cognizable claim.

Green remained undaunted. He filed suit in Mississippi state court alleging wrongful discharge and a variety of other claims. Green named L.A. Stricklin, and Amerada Hess as defendants. Both Stricklin and Green are Mississippi residents. Amerada Hess removed the action to federal court. It contended that Green fraudulently joined Stricklin in the action in order to destroy diversity jurisdiction. Green promptly moved the court to remand the case back to state court.

The court held a full evidentiary hearing at which live testimony, deposition transcripts, and documentary evidence were produced. The court denied Green's motion to remand. On the basis of "the strong evidence presented by Defendants and the somewhat transparent support mustered by Plaintiff," the court concluded that Stricklin was fraudulently joined. It also *sua sponte* dismissed Stricklin from the lawsuit pursuant to Fed.R.Civ.P. 12(b)(6).

Amerada Hess moved for summary judgment. The court held another hearing, and then granted the motion. It ruled that Green's action was barred, under federal principles of res judicata and collateral es-

---

1. Green's right to temporary total disability compensation, temporary partial disability compensation, and permanent partial disability compensation was established by an award of the Mississippi Workmen's Compensation Commission. *Green v. Amerada Hess Corp.,* M.W.C.C. No. 74 10431–8–4675.

toppel, by this court's prior decision in *Green v. Amerada Hess,* 612 F.2d 212 (5th Cir.1980). The court entered final judgment and Green appeals.

In analyzing the issues presented on this appeal, we are guided by *B., Inc. v. Miller Brewing Company,* 663 F.2d 545 (5th Cir. 1981). In that case, the court was called upon to review the standards and procedures which are to be applied when a fraudulent joinder has been alleged. B., Inc. brought suit against Miller Brewing Company, a Wisconsin company, in Texas state court. He also named four Texas residents as defendants. Miller of Wisconsin removed to federal court. It alleged that B., Inc. fraudulently joined the Texas defendants in order to defeat diversity jurisdiction. B., Inc. moved to have the case remanded. The district court held an evidentiary hearing which lasted several days. It concluded that the Texas defendants had been fraudulently joined, and dismissed all four of them from the action.

This court reversed the judgment of the district court. We repeatedly emphasized that "district courts must not 'pretry' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent." *Id.* at 546. The only issue that the court should address is that of its own jurisdiction.

■ As a procedural matter, a district court need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction. The question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination.

*Id.* at 551. Although this general command is subject to limited exceptions,[2] none of them are applicable here.

■ Despite this clear mandate, the district court in the instant case held an extensive evidentiary hearing. The factual issues it addressed related to matters of substance, not jurisdiction, in direct contravention of *B., Inc.* It examined at length Stricklin's role in the decision to terminate Green, and found "a plethora of facts which could have been ascertained by Plaintiff to verify Stricklin's lack of personal involvement." [3]

The district court relied in part on *Smith v. City of Jackson,* 358 F.2d 705 (5th Cir. 1966), in its decision to conduct a full evidentiary hearing on the motion to remand. *Smith,* however, was a criminal trespass case removed to federal court under 28 U.S.C. § 1443.[4] The concerns in *Smith* were much like the concerns in *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). The defendants in *Rachel* also petitioned for removal pursuant to section 1443. The Supreme Court held that

---

2. For example, if Amerada Hess or Stricklin contended that Green's pleadings contained misrepresentations of jurisdictional fact, an evidentiary hearing would have been appropriate. *Id.* at 551 n. 14. But here, they do not dispute that Stricklin and Green are Mississippi residents.

3. Although Stricklin acknowledged that he had been informed of the decision to terminate Green prior to its exception, the court found that he exercised no authority to approve or deny that decision. The court rejected Green's evidence to the effect that Stricklin was instrumental in the mistreatment of Green. For example, it discredited the testimony of an Amerada Hess employee that Stricklin had made the termination decision.

4. 28 U.S.C. § 1443 provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

the goals of the Civil Rights statutes, protecting the rights of the defendants to peacefully attempt to be served upon an equal basis in public restaurants, precluded the State from prosecuting these defendants in state courts, and that under section 1443, remand to the state court was improper. *Rachel* and *Smith* did not involve fraudulent joinder, but rather, claims of prejudicial prosecution in the state courts. Such considerations are not found in the present case. Removal in this case is sought under the general removal statute, § 1441, not the civil rights removal statute, § 1443. Therefore, the rule set forth in *Smith* does not apply.

We thus conclude that the district court erred in holding a full evidentiary hearing. We must now determine whether that error was harmless. If, in viewing the facts in their proper light and in applying the proper standard, it can be said that Stricklin was indeed fraudulently joined, the district court's ruling may be affirmed consistent with substantial justice, despite its procedural error. *See* Fed.R.Civ.P. 61.[5]

■ The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *B., Inc.* at 549; *Bobby Jones Garden Apartments v. Suleski,* 391 F.2d 172, 177 (5th Cir.1968); *Parks v. New York Times Company,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). Because the parties have admitted that Green and Stricklin are Mississippi residents, Green's pleadings of jurisdictional facts are obviously not fraudulent. Our sole concern is whether there is a possibility that Green has set forth a valid cause of action.

■ In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *B., Inc.* at 549. This case presents unique circumstances that justify a limited exception to this requirement. Although the court must normally assume all the facts as set forth by the plaintiff to be true, this is not the case when the plaintiff is collaterally estopped from contesting a given fact or issue. In making this determination, the federal court should apply federal law. *Cf. Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir.1981); *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 831 (6th Cir.1978). Under federal law, "the three traditional requirements for the application of the doctrine of collateral estoppel are: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) in the prior action the issue must have been actually litigated, and (iii) the determination made of the issue in the prior action must have been necessary to the resulting judgment." *White v. World Finance of Meridian, Inc.,* 653 F.2d 147, 151 (5th Cir.1981).

An example will clarify the matter. In this case, Green alleges in his state court complaint that he entered into a written, fixed-term employment contract with Amerada Hess. This, despite the express finding of this court in *Green I* at 213 that Green "did not have a written contract of employment, but was hired for an indefinite period of time." The issue in both cases is identical. The issue was actually litigated and decided in *Green I*. The determination of the issue in *Green I* was necessary to the resulting judgment. Had Green been employed under a written fixed-term contract,

---

5. Rule 61 provides:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

he might have had a cause of action for wrongful discharge. But this court specifically based its refusal to find a cause of action under Mississippi law on the fact that Green was a terminable at will employee. *Id.* at 214. Because all three necessary conditions are present here, Green is collaterally estopped from arguing before the federal court that he was employed under a fixed-term contract. Therefore, the court need not assume the allegation in Green's complaint to that effect is true under *B., Inc.*

■ Having assumed that all other facts alleged by the plaintiff in his complaint are true, the court must then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *Id.* at 550. Viewing the state law in its proper perspective, "if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts." *Id.* Stated conversely, there must be no possibility of a valid state cause of action being set forth against the in-state defendant before the court may hold that there has been a fraudulent joinder. *Id.; Keating v. Shell Oil Company,* 610 F.2d 328, 331 (5th Cir.1980); *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979); *Suleski* at 176–77; *Parks* at 478.

Stricklin argues that the standards enunciated in *B., Inc.* are "fundamentally wrong," and that the case establishes "bad law." This panel is not empowered to overrule the judgment of another panel of this court. *B., Inc.* is precisely on point. It unequivocally directs the proper analysis in a fraudulent joinder case. In any event, as a policy matter, principles of limited federal jurisdiction, comity with the state courts, and freedom of the plaintiff "to prosecute his own suit in his own way to a final determination," *Parks* at 478, suggest a strict application of the judicially created doctrine of fraudulent joinder. Stricklin argues that the standards adapted in *B., Inc.* allow too much room for abuse by plaintiffs' attorneys. But in Mississippi, Miss.Code Ann. § 11–7–91, and in most jurisdictions, an attorney must sign the pleadings he files in an action. By his signature, the attorney vouches that there is good ground to support the pleading, and that it is not interposed for delay or any other improper purpose. *See* Fed.R.Civ.P. 11.[6]

With these general principles in mind, we now turn to the case at hand. Stricklin argues that Green could not possibly win in state court because his action is barred by res judicata. He points to our prior decision, *Green I,* as the operative judgment barring this litigation. It must be emphasized that we do not decide the merits of this claim. Our sole function is to determine whether there is a *possibility* that a Mississippi court would find that Green's cause of action against Stricklin is not barred by this court's prior judgment.

■ In virtually all cases in which a federal court must decide the res judicata effect of a prior judgment of a federal court, it must apply federal res judicata principles. *Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir.1981). But that is not true where, as here, the court is evaluating the merits of a fraudulent joinder claim. In that situation, *B., Inc.* dictates that the court look to state law.

■ In order for the doctrine of res judicata to apply under Mississippi law, four identities must exist. They are:

(1) identity of the thing sued for,

(2) identity of the cause of action,

---

6. Rule 11 provides in part that "the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

(3) identity of the persons and parties to the action, and

(4) identity of the quality in the persons for and against whom the claim is made.

*Pray v. Hewitt,* 254 Miss. 20, 179 So.2d 842, 844 (Miss.1965). *See also Dunaway v. W.H. Hopper & Associates, Inc.,* 422 So.2d 749, 751 (Miss.1982); *Mississippi Employment Security Commission v. Georgia-Pacific Corporation,* 394 So.2d 299, 301 (Miss.1981); *Cowan v. Gulf City Fisheries, Inc.,* 381 So.2d 158, 162 (Miss.1980); *Standard Oil Company v. Howell,* 360 So.2d 1200, 1202 (Miss.1978). Mississippi courts have strictly construed the requirement that there be an identity of parties. *Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir.1981) ("Mississippi law in this area has been characterized as being rigid as any now extant.").

The case of *Magee v. Griffin,* 345 So.2d 1027 (Miss.1977) is very similar to the case at bar. GMAC sued Magee because he had missed monthly payments on his automobile. A valid judgment was entered against Magee and his car was repossessed. Magee than brought an action against GMAC and one of its employees, John Griffin. He claimed that GMAC and Griffin had embarrassed and humiliated him, and caused him to lose possession of his car. The trial court dismissed his action as barred by the prior judgment.

Although six of the nine justices on the Mississippi court voted to affirm as to GMAC, a different majority of six voted to reverse as to Griffin. In the opinion of those six justices, res judicata had no application against Griffin. Despite the fact that Griffin was acting as an employee and agent of GMAC at all relevant times, the court held that there was no identity of the parties. *Id.* at 1033 (Patterson, J.).

The events giving rise to *Ditta v. City of Clinton,* 391 So.2d 627 (Miss.1981) began when Ditta brought an action in Louisiana against Hammerhead Construction Company for breach of contract and defective construction of a retaining wall. The plans for the project had been modified and then approved by the City of Clinton. Hammerhead did its work under the direct and close supervision of Clinton personnel. Judgment was entered in favor of Hammerhead.

In a second suit, Ditta sued Hammerhead and Clinton. His claims against Clinton were based on Clinton's alleged wrongful acts and omissions as supervisor of the project. Despite the close business relationship of Clinton and Hammerhead, and the fact that their duties *vis-a-vis* the project was substantially intertwined, the Mississippi Supreme Court held that there was no identity of the parties. As a result, res judicata was held not to apply. *Id.* at 629. Despite the close relationship of the defendant in the first action and the defendant in the second action in both *Magee* and *Ditta,* the Mississippi court held that res judicata did not apply.

The facts in the instant case are very similar. In *Green I,* Green only sued Amerada Hess. But in this case, Green named Stricklin as an additional defendant. We do not suggest that it would be impossible to distinguish *Magee* and *Ditta* from this case. However, *B., Inc.* teaches that we must resolve all uncertainties in the law in favor of Green. Given these Mississippi precedents, there is a distinct possibility that a Mississippi court would hold that res judicata principles would not prevent Green from pursuing this action against Stricklin.

Stricklin next argues that Green could not possibly prevail in state court because Green is collaterally estopped from pursuing his claims as a result of our judgment in *Green I.* This argument could only succeed if Green is estopped from raising every issue presented in the complaint filed in this action. Collateral estoppel only bars relitigation of specific issues. Even if Green were collaterally estopped from pursuing all his claims save one in state court, a remand would be necessary.

■ Collateral estoppel only applies when the issues were actually litigated in the prior action. *Dunaway* at 751; *State v. Smith,* 278 So.2d 411, 415 (Miss.1973); *C.I.T. Corp. v. Turner,* 248 Miss. 517, 157 So.2d

648, 660 (Miss.1963). Several of the claims raised by Green in this case were not actually litigated in *Green I*. The issue actually litigated in *Green I* was whether Green was illegally discharged in retaliation for pursuing his workmen's compensation rights.[7] But in the present case, Green alleges that he was wrongfully subjected to "great anxiety, stress and mental anguish" by the defendants. He alleges that Stricklin maliciously refused to report Green's medical expenses to the insurance carrier. He alleges that Amerada Hess and Stricklin were dilatory in the payment of medical expenses. He alleges that several false accusations were made against him. These allegations were not actually litigated in *Green I*. There is a possibility that a Mississippi court would hold that Green is not collaterally estopped from arguing these claims in a state court action.

▮ In any event, as with the law of res judicata, Mississippi appears to require a strict identity of parties before collateral estoppel applies. *Stovall* at 540; *McCarty v. Johns-Manville Sales Corp.*, 502 F.Supp. 335, 338 (S.D.Miss.1980); *Bush Construction Company v. Walters*, 254 Miss. 266, 179 So.2d 188, 190 (Miss.1965); *Johnson v. Bagby*, 252 Miss. 125, 171 So.2d 327, 330 (Miss. 1965). There is a possibility that a Mississippi court would conclude that the relationship between Amerada Hess and Stricklin is insufficient to estop Green.

It has been shown that Green might not be barred from bringing his state court action. We must now determine whether there is a possibility that Green has stated a valid cause of action under the substantive law involved. It bears repeating: we do not decide whether Green will actually, or even probably prevail on the merits of these claims. We look only for a mere possibility that he will do so. If even one of Green's many claims might be successful, a remand to state court is necessary. *Cf. B., Inc.* at 650 (if valid cause of action is stated against even one of the four named in-state defendants, remand is called for).

Green alleges that the "unprivileged, wilful, wanton, malicious and gross" acts of Stricklin were intended to, and did cause Green severe mental pain and stress. In numerous cases, the Mississippi Supreme Court has recognized that damages for mental suffering are recoverable when they are the "proximate result of an act committed maliciously, intentionally, or with such gross carelessness or recklessness as to show an utter indifference to the consequences when they may have been in the actor's mind," *Lyons v. Zale Jewelry Company*, 246 Miss. 139, 150 So.2d 154, 158 (1963), or "[w]here there is something about the defendant's conduct which evokes outrage or revulsion," *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss.1981), or when they result from a "wanton or shamefully gross wrong," *Saenger Theaters Corp. v. Herndon*, 180 Miss. 791, 178 So. 86, 87 (1938).[8]

The wrongful acts that Green alleges Stricklin intentionally committed, and that we must assume, for the purposes of this motion, Stricklin did commit, are that he: (1) "maliciously refused to report to the [insurance] carrier the medical expenses incurred in the treatment of Green's work-related injury"; (2) was dilatory in the payment of Green's medical expenses; (3) "harassed, humiliated and embarrassed Green"; (4) "employed the use of injurious falsehood";[9] (5) "deprived Green of his lawful

---

7. As previously noted, the court also found that Green was not employed under a written contract.

8. *See McCulloch v. Glasgow*, 620 F.2d 47, 51 (5th Cir.1980) (applying Mississippi law) (no physical impact required); *Burris v. South Central Bell Telephone Co.*, 540 F.Supp. 905, 909 (S.D.Miss.1982) (applying Mississippi law); *Johnson v. Ford Motor Co.*, 354 F.Supp. 645, 648 (N.D.Miss.1973) (applying Mississippi law) (willful, wanton, intentional or malicious

wrong); *Sears, Roebuck & Co. v. Young*, 384 So.2d 69, 71 (Miss.1980) (same); *First National Bank v. Langley*, 314 So.2d 324, 338 (Miss. 1975) (willful or wanton acts); *T.G. Blackwell Chevrolet Co. v. Eshee*, 261 So.2d 481, 485 (Miss.1972) (intentional or willful wrong); *Daniels v. Adkins Protective Service, Inc.*, 247 So.2d 710, 711 (Miss.1971).

9. The alleged falsehoods were that "Green was unable to get along with his fellow employees; that he did not perform his job in a workman-

employment, denied him the right to pursue his trade, and destroyed Green's economic advantage"; and (6) discharged Green in an abusive and outrageous manner. Whether these acts are sufficiently "wrongful", "wanton", "shamefully gross", or sufficient to evoke "outrage and revulsion" under Mississippi law is unclear. For example, although *Green I* established that Amerada Hess was entitled to discharge Green, it did not hold that Stricklin was entitled to carry out the dismissal in an "abusive and outrageous manner." With respect to the falsehoods allegedly uttered, and the harassment and humiliation, the Mississippi courts have held that, in some circumstances, abuse that is purely verbal may constitute a sufficiently wanton act to justify the imposition of liability for the mental anguish caused. *Lyons*, 150 So.2d at 155, 162 (abusive remarks over the telephone); *Saenger Theatres Corporation*, 178 So. at 87 (accusations hurled on public street); *Continental Casualty Co. v. Garrett*, 173 Miss. 676, 161 So. 753 (1935) (defendant went to sick man's home and called him a liar). Thus, there is a possibility that a Mississippi court would conclude that Green has set forth a valid cause of action for mental suffering resulting from Stricklin's wrongful acts.

Having assumed all the facts set forth by Green to be true, and having resolved all uncertainties as to state substantive law against Stricklin, we conclude that there is a possibility of a valid cause of action being set forth against Stricklin in state court. Therefore, Stricklin was not fraudulently joined. There was incomplete diversity, and the district court was required to remand to the Mississippi court. Its failure to do so constituted reversible error. We reverse and remand with instructions to remand the cause to state court.

REVERSED and REMANDED.

like manner; that he left oil tanks run over; and that he had let dirty oil run through the

lines, costing the company great and needless expense."