The BOARD OF COUNTY COMMIS-
SIONERS OF the COUNTY OF
MESA, Plaintiff,

v.

ATLANTIC FIDELITY, INC., a Nevada
Corporation; Stanley L. Seligman, Bret
D. Seligman and Kia B. Seligman, Indi-
vidually, and in Their Capacity as Cor-
porate Officers and/or Stockholders of
Atlantic Fidelity, Inc., a Nevada Corpo-
ration, and Doing Business as Atlantic
Fidelity, Inc., a Nevada Corporation, De-
fendants.

Civil Action No. 96–K–1579.

United States District Court,
D. Colorado.

July 3, 1996.

Maurice Lyle Dechant, Mesa County At-
torney, Grand Junction, CO, for plaintiff.

Thomas C. Volkmann, Thomas C. Volk-
mann, P.C., Grand Junction, CO, for defen-
dants.

## ORDER ON REMAND

KANE, Senior District Judge.

On May 7, 1996, Plaintiff filed a Verified
Complaint for Injunctive Relief against De-
fendants in District Court, Mesa County,
Colorado. The complaint seeks relief against
Atlantic Fidelity, Inc., a Nevada Corporation,
and Stanley L. Seligman, Bret D. Seligman
and Kia B. Seligman, individually and in their
capacity as corporate officers and/or stock-
holders of Atlantic Fidelity, Inc.

According to the complaint, Atlantic Fideli-
ty has not filed for authority to transact
business with the Colorado Secretary of
State and in developing a subdivision known
as Orchard Run Subdivision, is transacting
business in the state of Colorado without
authority from the Colorado Secretary of
State. Further, the complaint alleges Defen-
dants have commenced construction and/or
development of the subdivision without com-
pletion of all required public hearings for the
subdivision and that the construction and/or
development has resulted in the severing of
irrigation laterals from the Price Ditch sup-
plying water to properties located down-

stream and the relocation of said irrigation laterals to a separate location.

Simultaneously with the filing of the complaint, Plaintiff filed a Motion for Preliminary Injunction. On May 24, 1996, a preliminary injunction hearing was set for August 1, 1996.

On May 28, 1996, Defendants moved for an extension of time within which to answer or otherwise plead which was granted by the state court until June 17, 1996.

On June 14, 1996, Defendants moved for an additional extension of time to answer or otherwise plead. The state court granted the extension until June 27, 1996.

On June 27, 1996, Defendants Atlantic Fidelity, Inc., Stanley L. Seligman and Bret D. Seligman filed a Petition for Removal in this court. They asserted service had not been effected on Defendant Kia Seligman.

The petition sought removal under 28 U.S.C. § 1441 asserting that this court has original jurisdiction over this matter under 28 U.S.C. § 1332 because a complete diversity of citizenship existed between the parties to this action and the amount in controversy exceeded $50,000.00 exclusive of interest and costs.

The petition further alleged the individual Defendants had been named as such based upon allegation that they were officers of Atlantic Fidelity, Inc. and that in light of the fact that the basis for the allegations against the corporation in the complaint is that it is a foreign corporation, the individual Defendants were fraudulently joined or were mere nominal parties, named to defeat diversity. Accordingly, the Petition urged, the individual Defendants should be ignored in the analysis of diversity of citizenship.[1]

This case was originally assigned to Chief Judge Richard D. Matsch of this court who reassigned it to me on July 2, 1996. I find the case was improvidently removed to this court and remand it to the District Court, Mesa County, Colorado.

An action, such as this, which is not based on a federal question, "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This court has original jurisdiction of all civil actions where the amount in controversy exceeds $50,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332.

The right to remove a state court action to federal court on diversity grounds is statutory and must therefore be invoked strictly in conformity with statutory requirements. *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1045 (2d Cir.1991). "Federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

Here, Defendant Bret D. Seligman, according to his own affidavit filed in support of the Petition for Removal, is the President and a Director of Atlantic Fidelity, Inc. and resident of Mesa County, Colorado.

Defendants make the allegation in their petition that the individuals named as Defendants were fraudulently joined or were merely nominal parties, named to defeat diversity and should be ignored in the analysis of diversity herein because the cause of action stated in the complaint is properly against Atlantic Fidelity only relating to the timing of alleged development of property owned by it in Mesa County.

The burden of proving fraudulent joinder in support of petition for removal is a heavy one. "The removing party must prove there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166.

Here, to the contrary of what was stated in the Petition for Removal, there is

---

1. Simultaneously with the filing of the petition, Atlantic Fidelity, Inc., Stanley L. Seligman and Bret D. Seligman filed an answer and counterclaim and a motion to dismiss the complaint.

no complete diversity between the parties to the action. Also contrary to the petition's assertion, the individual Defendants have been named not only based upon allegations that they are officers of Atlantic Fidelity, but are sued both in their individual capacities and as corporate officers and stockholders of the company. Further, contrary to the assertions in the petition, the allegations against Fidelity Atlantic in the complaint are not based solely on its being a foreign corporation.

In addition, the petition does not particularize the allegation that the individual Defendants have been fraudulently joined or are nominal parties, named to defeat diversity. As such, the Petitioners have not discharged their heavy burden of proving fraudulent joinder. Moreover, the naked allegations in the petition do not merit a hearing on the matter.

Raising this jurisdictional issue, *sua sponte,* for the aforesaid reasons, I find this case was improvidently removed to this court and remand it to the District Court, Mesa County, Colorado. Accordingly,

IT IS ORDERED THAT this case is remanded to the District Court, Mesa County, Colorado.