# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-20376

BETTER ENTERPRISES CORPORATION, INC.,

Plaintiff-Appellant,

versus

QUANTUM CHEMICAL CORPORATION;
WESTLAKE INDUSTRIES, INC.; WESTLAKE
POLYMERS CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-94-2543)

May 20, 1997

Before POLITZ, Chief Judge, REAVLEY and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

This appeal requires that we apply the doctrine of fraudulent joinder to

determine whether diversity jurisdiction exists herein. Concluding that the district

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court lacked the requisite jurisdiction we must vacate its judgment and remand.

## BACKGROUND

In October 1993 Better Enterprises Corporation, Inc., a Texas corporation, began negotiations looking to the purchase of an air separation plant owned by Quantum Chemical Corporation. Better Enterprises offered $850,000 which was accepted by Quantum in a letter agreement signed by both parties in late December. The letter agreement appears to be a preliminary agreement regarding price with full terms to be incorporated into a formal contract.

After an inspection of the plant on January 3, 1994 Better informed Quantum of its concern that certain equipment was absent from the premises and requested a $100,000 reduction in the price because of an apparent misunderstanding. On January 7, 1994 Quantum responded that it did not intend to sell all of the equipment Better wanted but it offered to "reduce the agreed sales price."

Unbeknownst to Better, on December 2, 1993 Quantum had informed Westlake Industries, Inc., another Texas corporation, that the plant was for sale. On January 15, 1994 Westlake engineers visited the plant with employees of Louisiana Chemical Equipment Co., which was acting as a broker between Westlake and Quantum. Despite these activities, Quantum reassured Better on January 20 that it was not trying to sell the plant to anyone else, reminding of its

December letter agreeing to sell the plant to Better.

On January 26 Westlake requested a price for the plant and offered itself as the "most preferred buyer" with the ability to close a cash deal within days. Quantum responded on January 27 by telling Westlake that because it had a "bid" from another party that was due to expire on January 28, Westlake would have to submit its own bid for the plant on or after that date. On January 28, Westlake submitted a bid for $1,250,000. Quantum promptly accepted the bid, subject to negotiation and execution of an agreement. Even after accepting Westlake's bid Quantum continued to reassure Better about their agreement, but it closed the sale of the plant with Westlake Industries on February 9, 1994.

Better filed the instant action in Texas state court against Quantum, Westlake Industries, and Westlake Polymers Corporation,[1] asserting causes of action for breach of contract and fraud against Quantum and alleging that the Westlake defendants tortiously interfered with Better's contract with Quantum. Better further claimed that Westlake and Quantum had engaged in a civil conspiracy to terminate Better's contract with Quantum.[2]

---

[1]Westlake Polymers is related to Westlake Industries, but is not a Texas corporation and therefore is not implicated in the fraudulent joinder analysis.

[2]On March 2, 1994 Better filed another suit against Quantum in Texas state court, alleging breach of contract and fraud. Quantum removed the case to federal court.

The defendants removed the case to federal court, invoking diversity jurisdiction, although both Better Enterprises and Westlake Industries are Texas citizens. Better sought remand for lack of complete diversity. The defendants alleged that Better fraudulently joined Westlake to defeat diversity jurisdiction and moved for summary judgment as to both Westlake defendants. Quantum moved to dismiss the suit as duplicative of pending litigation between itself and Better Enterprises. Better also sought additional discovery. The district court granted summary judgment and found that there were no disputed questions of material fact in Better's claims against the Westlake defendants. The court therefore concluded that Westlake had been fraudulently joined. Simultaneously, the court denied Better's motions to remand and to extend discovery and denied Quantum's motion to dismiss.[3] Better timely appealed.

---

Better sought to amend the complaint to add claims against Westlake, but ultimately moved for dismissal of that action in favor of filing the instant suit against all defendants. The district court denied Better's motion to dismiss and after a full trial, Better received a favorable jury verdict. The district court, however, rendered judgment as a matter of law in favor of Quantum for insufficient evidence of a contract. That judgment was appealed in a separate action and affirmed in an unpublished opinion, No. 96-20219, on April 10, 1997. Better's allegations in the instant action are not limited to intentional interference with an existing contract, but also encompass a prospective contractual relationship.

[3]The district court later dismissed Better's claims against Quantum as barred by *res judicata* after the district court rendered judgment in the other suit between those parties.

## ANALYSIS

The dispositive issue in this appeal is the existence *vel non* of federal jurisdiction of the removed cause. A federal court must be certain of its jurisdiction before rendering a judgment.[4] "Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it . . . the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect."[5] We consistently have held that a party seeking a federal forum has the burden of demonstrating the existence of federal jurisdiction.[6] When allegations of fraudulent joinder are offered to defeat our diversity jurisdiction, the removing party has the burden to prove the alleged fraud.[7]

The party seeking to show fraudulent joinder has a heavy burden. To establish that a defendant has been fraudulently joined, "the removing party must show either that there is *no possibility* that the plaintiff would be able to establish

---

[4]**Caterpillar Inc. v. Lewis,** 117 S. Ct. 467 (1996).

[5]**B., Inc. v. Miller Brewing Co.,** 663 F.2d 545, 548 (5th Cir. Unit A 1981).

[6]**Id.**

[7]**Burden v. General Dynamics Corp.,** 60 F.3d 213 (5th Cir. 1995); **Carriere v. Sears, Roebuck & Co.**, 893 F.2d 98 (5th Cir.), *cert. denied,* 498 U.S. 817 (1990); **B., Inc.**

5

a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."[8]  The procedure for determining fraudulent joinder has been likened to the analysis of a motion for summary judgment.[9]  We have cautioned courts against conducting extensive hearings that amount to pre-trying cases when analyzing jurisdiction.[10]  The parties may, however, submit affidavits and deposition transcripts in support of their positions.[11]

The district court must evaluate all factual allegations in the light most favorable to the plaintiff, including favorably resolving all contested issues of fact[12] and any ambiguity regarding the controlling substantive law.[13]  If the court

[8]**B., Inc.** at 549 (internal footnote omitted).

[9]**Sid Richardson v. Interenergy Resources, Ltd.**, 99 F.3d 746 (5th Cir. 1996)**.** In previous cases, we have stated that the determination of fraudulent joinder is *similar* to the summary judgment analysis.  Because the fraudulent joinder analysis is procedural, we now conclude that it is appropriate to apply federal law.  We opt for a somewhat modified summary judgment analysis.  As part of the inquiry, however, it is necessary to evaluate whether the plaintiff can establish a cause of action under *state* law against the nondiverse defendant.

[10]**Green v. Amerada Hess Corp.**, 707 F.2d 201 (5th Cir. 1983), *cert. denied,* 464 U.S. 1039 (1984).

[11]**Sid Richardson; Burden; Green; B., Inc.**

[12]**B, Inc.**

[13]**Burden.**

concludes that there is no possibility the plaintiff could assert a valid cause of action against the complaining defendant, it may find that the defendant has been fraudulently joined. If, however, there is *any* possibility that a state court would find a cause of action against the defendant on the facts the plaintiff alleges, the court must conclude that there is no fraudulent joinder and, therefore, no federal jurisdiction for lack of complete diversity.[14] Whether the plaintiff is likely to succeed on the merits of its cause of action against the defendant is not relevant.[15]

In its analysis the trial court did not first resolve, in accordance with the foregoing procedures, whether Westlake had been fraudulently joined. Rather, the court determined that Better Enterprises had not established a genuine issue of material fact on its claims for tortious interference and civil conspiracy, concluding that "Westlake Industries has shown that there is no disputed question of fact that it knew about the purported sale of the plant to Better Industries [sic] at the time Westlake purchased the plant. Therefore, this court finds that Westlake Industries

---

[14]**Sid Richardson.** This aspect of the fraudulent joinder test is in contrast to the federal summary judgment standard as articulated by the trilogy of Supreme Court cases interpreting Rule 56: **Celotex Corp. v. Catrett,** 477 U.S. 317 (1986); **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242 (1986); and **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574 (1986). The two standards are not fully interchangeable.

[15]**Burden.**

has been fraudulently joined to defeat diversity jurisdiction."

The district court did not resolve, as it must, all disputed issues of fact and all ambiguities of law in favor of Better. ~~Quantum and Westlake submitted affidavits to show that Westlake lacked the requisite knowledge for liability under either a theory of tortious interference or civil conspiracy~~. Better ~~countered by~~ present~~ing~~ed evidence suggesting that Westlake was aware that Quantum had a prior commitment for the sale of the plant.[16] The district court discounted Better's evidence rather than accepting it as required.

Accepting Better's evidence that Westlake knew Quantum had a prior commitment for the purchase of the plant, it is certainly at least possible that Better could establish its claims against Westlake in state court.[17] Therefore, we must

---

[16]Better presented evidence that could prove Westlake had knowledge of another buyer. In response to written questions Louisiana Chemical admitted that one of its employees, Steve O'Brien, was informed that Quantum was negotiating with or had a prior commitment to another party. O'Brien relayed that information to Mark Lee, a Westlake engineer, who had toured the plant in conjunction with the potential purchase. Better also produced a letter from Westlake's negotiator to Quantum stating that "[w]e are quite sure that we are the most preferred buyer of this plant." This evidence at least suggests that Westlake knew of a pending contract between Quantum and another party.

[17]The elements of a cause of action for tortious interference are: (1) the existence of a contract subject to interference, (2) an intentional act of interference, (3) the act proximately caused the plaintiff's injury, and (4) the plaintiff experienced actual damage or loss. **Friendswood Dev. Co. v. McDade + Co.**, 926 S.W.2d 280 (Tex. 1996). To establish a cause of action for civil conspiracy the plaintiff must show

conclude that Westlake was not fraudulently joined to defeat diversity jurisdiction. Because the district court lacked jurisdiction, we must VACATE its judgment and REMAND with instructions to remand the case to the 157th Judicial District Court of Harris County, Texas.

VACATED and REMANDED.

---

that two or more persons agreed to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. **Transport Ins. Co. v. Faircloth**, 898 S.W.2d 269 (Tex. 1995).