**TEAM INDUSTRIAL SERVICES, INC., Plaintiff,**

v.

**AMERICAN SAFETY INDEMNITY COMPANY, USI Insurance Services of Texas, and BOB Holloway, Defendants.**

**No. CIV.A. G–04–383.**

United States District Court, S.D. Texas, Galveston Division.

Nov. 4, 2004.

Michael M. Phillips, Angleton, TX, John H. Glover, Chamberland Hrdlicka, Houston, TX, for plaintiff.

R. Brent Cooper, Cooper & Scully, Dallas, TX, for defendants.

*ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO DISMISS FRAUDULENTLY JOINED DEFENDANTS*

KENT, District Judge.

This action for a declaratory judgment comes before the Court on removal from the 149th Judicial District of Brazoria County, Texas. Now before the Court are Plaintiff Team Industrial Services, Inc.'s Motion to Remand and Defendant American Safety Indemnity Company's Motion to Dismiss Fraudulently Joined Defendants. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED** and Defendant's Motion to Dismiss Fraudulently Joined Defendants is **DENIED**.

I. Background

Diamond Shamrock Refining Company, Inc. ("Shamrock") hired Plaintiff Team Industrial Services ("Team") to repair an in-service pressurized valve at a refinery. On July 9, 2001, while Team was repairing the valve, chemicals allegedly leaked from the pipe and caused an explosion and fire. Shamrock sued Team and others in state court. Team timely notified its insurance carrier, Defendant American Safety Indemnity Company ("American Safety"), of the suit. Team acquired its commercial general liability policy from American Safety through its insurance broker, USI Insurance Services ("USI"). USI has been Team's broker since 1994. After Team notified American Safety of the suit, American Safety appointed counsel to represent Team in the litigation. Counsel filed an answer on April 28, 2003. On March 22, 2004, American Safety sent a reservation of rights letter to Team, stating that the pollution exclusion in Team's policy applied to this case because the accident was caused by the escape of pollutants from the pipe. American Safety also stated that Team only had coverage under the Incidental and Sudden Pollution Endorsement, which had a limit of $10,000. American Safety notified Team that this limit had already been eroded by the defense costs.

On April 8, 2004, Team filed this suit in state court in Brazoria County seeking a declaration that American Safety owes Team defense and indemnity under the terms of its insurance policy and that American Safety and USI violated the Texas Insurance Code and the Deceptive Trade Practices Act. Team also asserts negligence, negligent misrepresentation, and breach of warranty claims against USI and Bob Holloway ("Holloway"), the USI employee responsible for Team's account. Team argues that if American Safety's interpretation of the policy is correct, then USI and Holloway are liable for failing to obtain the requested insurance and for failing to explain the exclusion to Team before Team purchased the policy.

On June 18, 2004, American Safety filed a Notice of Removal, asserting that Team had fraudulently joined USI and Holloway, both Texas residents, in order to defeat diversity. American Safety, the only other defendant, is a Delaware corporation with its principal place of business in Georgia. Team timely filed a Motion to Remand on July 16, 2004. The Court granted Team an extension of time to file its Amended Motion to Remand in order to include depositions taken after the original Motion.

## II. Legal Standard

■ Absent an express provision to the contrary, a defendant may remove a state-court action to federal court only if the suit could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Because Plaintiff's claims arise under Texas law, diversity is the only possible basis for federal jurisdiction. The federal diversity jurisdiction statute provides the district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. *See* 28 U.S.C. § 1332(a).[1] The jurisdictional statute has long been interpreted to mandate a rule of "complete diversity," meaning that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Generally, the plaintiff's complaint must allege facts showing that complete diversity exists. *See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

■ The district court may discount non-diverse defendants if the removing party can show that the plaintiff fraudulently joined those defendants. In order to prove fraudulent joinder, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983)). "The removing party carries a heavy burden when attempting to prove fraudulent joinder." *Id.* (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)).

■ Here, American Safety admits that there is no fraud in Team's pleading of jurisdictional facts, so the question is whether there is any possibility that Team will be able to establish a cause of action

---

1. Because the parties' briefs do not address the amount in controversy, the Court assumes without deciding that the amount in controversy exceeds $75,000.

against USI or Holloway in state court. All issues of fact and of uncertain state law are resolved in favor of the plaintiff. *See Cavallini,* 44 F.3d at 259 (citing *Green,* 707 F.2d at 205). The Court may consider evidence similar to that used for summary judgment analysis in evaluating the claims against the non-diverse defendants. *See id.* at 263. However, the Court will not consider "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only the "possibility that the plaintiff might do so." *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995). If the district court determines that the plaintiff did not fraudulently join the non-diverse defendants, it must remand the case for lack of subject matter jurisdiction.[2]

III.   Analysis

Team asserts that USI and Holloway violated Tex. Ins.Code Ann. § 21.21(4) and Tex. Bus. & Com.Code Ann. § 17.46 (the Deceptive Trade Practices Act). Team also makes claims of negligence, gross negligence, negligent misrepresentation, and breach of warranty against both USI and Holloway. American Safety must show that Team has no possibility of success on any of these claims against either USI or Holloway in order to defeat Team's Motion to Remand.

Tex. Ins.Code Ann. § 21.21 prohibits certain acts of unfair competition and misrepresentation related to the insurance business. It specifically applies to brokers and agents. § 21.21(2)(a). It prohibits the misrepresentation of "the terms of any policy issued or to be issued or the benefits or advantages promised thereby." § 21.21(4).

■   The excerpts of deposition testimony provided by Team and American Safety at least raise a question of material fact as to whether USI and Holloway violated this law. Resolving all questions of fact in favor of Team, it appears that USI and Holloway understood that Team wanted insurance for the obvious risks of its main business of pipe services, including damages from the escape of chemicals from those pipes, and that USI and Holloway represented to Team that they had obtained the insurance requested by Team. American Safety has certainly not met its heavy burden of proving that Team has no possibility of recovery on this claim.

Tex. Bus. & Com.Code Ann. § 17.46 prohibits deceptive trade practices "in the conduct of any trade or commerce," including "representing that goods or services have … benefits … which they do not have." It also prohibits the failure to disclose material information in an attempt to induce a consumer to make a purchase that would not otherwise have been made. § 17.46. Team alleges that USI and Holloway represented that the insurance purchased from American Safety would cover incidents such as the one underlying this lawsuit. Team further alleges that it would not have spent a quarter of a million dollars for the policy had it known that such incidents would not be covered. Team has also provided evidence in depositions that Holloway suggested the purchase of the American Safety policy before Team's previous policy expired and that Holloway made certain representations to Team in support of his suggestion. All of these facts support an argument that USI represented that the insurance policy purchased by Team had benefits that it did not in fact have, and that these representa-

2.  An order remanding a case to state court is generally not reviewable, *see* 28 U.S.C. § 1447(d), a fact that the Court hopes will minimize the expense and inconvenience to the parties.

tions may have been made in an effort to convince Team to make the purchase. While this Court offers no opinion on the likelihood of success of Team's claim, American Safety has not shown that Team has no possibility of establishing a cause of action in state court.

Team also asserts negligence claims against USI and Holloway. While Texas courts have not considered a case with facts directly analogous to this one, this Court must resolve all questions of unsettled state law in favor of Team. In *May v. United Services Ass'n of America*, 844 S.W.2d 666, 670 n. 10 (Tex.1992), the Texas Supreme Court suggested that an insurance agent could be liable for failure to disclose a limitation in the policy when the agent and the insured have a course of dealing that would support the agent's knowledge of the insured's needs. That court also suggested that an agent could be liable for a failure to understand the terms of a policy sold to the insured. *Id.* at 670 n. 11. That court implicitly affirmed the decision in *Rainey–Mapes v. Queen Charters, Inc.*, 729 S.W.2d 907 (Tex.App.-San Antonio 1987, writ dism'd by agr.), which found liability when an insured was led to believe that the policy covered a certain risk that was actually excluded. *May*, 844 S.W.2d at 670.

Team alleges facts in support of this claim: (1) USI and Holloway had worked with Team for years and had developed a relationship of trust and reliance such that Team would reasonably rely on recommendations made by them; (2) if American Safety's position is correct as to the coverage issue, Team does not have insurance for a very significant risk of its business; (3) USI and Holloway understood that Team wanted coverage for that risk; and (4) USI and Holloway made representations about American Safety's policy that lead Team to believe that such a risk was covered. Once again, Team has made allegations and brought forth evidence sufficient to show that it has some possibility of establishing these claims in state court.

IV.   Conclusion

Because American Safety has not shown that Team has no possibility of establishing a cause of action against either USI or Holloway in state court, American Safety's Motion to Dismiss Fraudulently Joined Defendants is **DENIED** and Team's Motion to Remand is **GRANTED**. The case is **REMANDED** to the 149th Judicial District of Brazoria County, Texas. Each party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**